484 P.2d 1283

STATE of New Mexico, Plaintiff-Appellee,

v.

Barry Lee FOSTER, Defendant-Appellant.

No. 637.

Court of Appeals of New Mexico.

April 23, 1971.

Ray Tabet, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Frank N. Chavez, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Convicted of robbery and aggravated battery, defendant appeals. Sections 40A–16–2, N.M.S.A.1953 (Repl.Vol. 6) and 40A–3–5, N.M.S.A.1953 (Repl.Vol. 6, Supp. 1969). The issues concern: (1) change of venue; (2) various evidentiary matters; and (3) a trial amendment to the aggravated battery charge.

*Change of venue.*

Defendant moved for a change of venue claiming that because of public excitement or local prejudice an impartial jury could not be obtained in Bernalillo County. The basis for the motion was "extensive publicity resulting from the case" and "extensive publicity resulting from his conviction" in another case a few weeks earlier.

At the hearing on the motion defendant introduced, as evidence, copies of newspaper articles. These articles were mostly concerned with accounts of testimony given at the earlier trial. One of the articles also states: "Pending against Foster are robbery and aggravated battery charges stemming from a May 27 service station holdup which saw the attendant doused in gasoline and set afire by the fleeing robber." Defendant characterizes the quoted material as "[t]ypical of the publicity that was given." Defendant asserts the publicity was by newspaper articles, television stories and "shots of Mr. Foster taken by T.V. reporters."

In denying the motion, the trial court found that the evidence did not justify a change of venue, and there was no public excitement or local prejudice that would indicate an impartial jury could not be obtained in Bernalillo County. The trial court could properly reach this result because the evidence presented by defendant was limited to the newspaper articles and because those articles, in themselves,

neither established public excitement nor prejudice, making a fair trial impossible. Deats v. State, 80 N.M. 77, 451 P.2d 981 (1969); State v. Lindsey, 81 N.M. 173, 464 P.2d 903 (Ct.App.1969), cert. denied, 398 U.S. 904, 90 S.Ct. 1692, 26 L.Ed.2d 62 (1970).

■ Defendant does not attack the decisions in *Deats* and *Lindsey*. Instead, he contends that evidence, introduced by the State in opposition to the motion, had no probative value. We are not concerned with the quality of the evidence offered by the State, because the trial court could deny the motion on the basis of the evidence offered by defendant. Defendant had the burden of persuasion, and defendant's evidence was not persuasive of the probability that a fair trial could not be obtained in Bernalillo County. Deats v. State, supra.

*Evidentiary matters.*

(a) Admission of photographs.

Defendant complains of the admission of five photographs which show portions of the service station where the robbery took place. He asserts the photographs were improperly admitted because there was no showing as to who took the photographs, when they were taken and whether they accurately and fairly represented the scene at the time of the crime. It is doubtful that all of these objections were presented to the trial court; however, we will assume all of these objections are properly before us.

■ The victim of the crime had described its occurrence, testifying as to the location of various items in the service station; the location of the robber and the victim's location when certain events occurred. The victim did not know who took the photographs or when they were taken (he was in the hospital), but he did testify that each of the photographs fairly and accurately represented the things shown in the photographs and fairly and accurately represented what he had described in his testimony. This was sufficient foundation for the admission of the photographs. United States v. Hobbs, 403 F.2d 977 (6th Cir. 1968), Annot., 9 A.L.R.2d 899 (1950); Millers' Nat. Ins. Co., Chicago, Ill. v. Wichita Flour Mills Co., 257 F.2d 93 (10th Cir. 1958); compare State v. Webb, 81 N. M. 508, 469 P.2d 153 (Ct.App.1970), and cases cited therein.

(b) Admission of evidence about blood.

The first officer to arrive at the service station after the crime testified that three of the photographs of the station showed blood. He also testified that a wrench, which he found at the scene, had a substance on it which "appeared to be blood." Defendant contends this testimony should not have been admitted because of lack of a proper foundation.

No scientific tests were made to establish the identity of the substance testified to be blood. Defendant complains that the officer's testimony was improperly admitted because it was not shown that the officer "was able to form such an opinion." This contention misconstrues the evidence.

The officer testified that upon arrival he saw the victim who had been burned, and who was bleeding. He observed " * * * blood splattered all over the floor and the walls, on items, on the cash box, on the counter, * * *" and a large trail of blood leading from the cash box towards the rear of the office. He had seen fresh blood in numerous investigations. It was bright red when he saw it. He testified: "It was blood. I saw it." He "preserved" the scene, and observed the photographs being taken.

■ His testimony that the photographs showed blood, and that there was blood on the wrench was properly admissible. The foundation for this testimony was based on his observations and his experience. This foundation was sufficient. Compare Reid v. Brown, 56 N.M. 65, 240 P.2d 213 (1952); State v. Miller, 80 N.M. 227, 453 P.2d 590 (Ct.App.1969).

(c) Identification evidence.

Defendant complains of the admission of various testimony going to the identification of defendant. This testimony involves (1) the victim identifying defendant from photographs; (2) the victim identifying defendant at a lineup; (3) a witness identifying the defendant at a lineup; (4) the persons in the lineup not being the same as those in the photographs; (5) the persons in the lineup and the persons in the photographs not having the identical hair-style as defendant. Defendant asserts that showing the photographs to the victim and the witness before conducting the lineup "imprinted" a suggestion that defendant was the person who committed the crimes.

■ All of these complaints are of no avail to defendant. No objection was made to the admission of the testimony about which defendant now complains for the first time. Since the complaints now made were not presented to the trial court, they have not been preserved for review. State v. Chavez (Ct.App.), 82 N.M. 569, 484 P.2d 1279, decided March 19, 1971; State v. Ford, 81 N.M. 556, 469 P.2d 535 (Ct.App. 1970).

Further, our review of the record shows identification of defendant was not suggested by the photographs, nor to the persons identifying defendant in the lineup, nor by the lineup procedures; nor were any of these items conducive to irreparable mistaken identification. See State v. Torres, 81 N.M. 521, 469 P.2d 166 (Ct. App.1970). The record before us shows a fair police investigative procedure.

The victim and the witness were shown seven photographs. The victim identified defendant; the witness was not sure. The victim and the witness viewed the lineup separately and identified defendant in the lineup independent of one another. Both had been told, by the police, that the persons in the lineup were not necessarily the same persons as those in the photographs. The hair-styles were not sufficiently distinct, except in one of the photographs (which was not defendant), to suggest an

identification. No extreme variation in height nor body build is shown by the lineup photograph.

(d) Sufficiency of the evidence.

Defendant contends that if the foregoing evidence is excluded the evidence is insufficient to sustain the conviction. We have held the foregoing evidence was properly admitted over claims made for its exclusion. However, even if the foregoing evidence had never been presented, the evidence is sufficient.

The victim, a service station attendant, was robbed, beaten and set on fire with gasoline. This took place about 4:00 a. m. No one else was present at the station when a person drove into the lighted area of the station and asked to have the car's oil checked. This customer stood within six or seven feet of the attendant while the oil was checked and followed the attendant into the station when the attendant went after oil. The crime then occurred. The attendant testified that he recognized the customer as one who had been to the station before; that he had a good look at him before he went for the oil; and that defendant was the person involved. Compare State v. Carrothers, 79 N.M. 347, 443 P.2d 517 (Ct.App.1968).

Defendant seems to assert that his alibi evidence, to the effect that he was in Hobbs, New Mexico when the crime occurred, should have been believed. Both the victim, and the witness who identified defendant as being at another service station one-half mile from the station involved two hours before the crime, contradicted the alibi. The issue was one of credibility and was for the jury. State v. Ford, supra.

*Trial amendment to the charges.*

The aggravated battery charge in the indictment was that defendant " * * * did inflict bodily harm or death could be inflicted by setting the said Arthur Jerry Wallace afire." A doctor testified as to the victim's injuries. He testified there was some permanent disfigurement as a re-

sult of the burns. He testified, in answer to a hypothetical question, that the burns could have caused death or serious bodily injury. He also testified that in this case the victim did not have that type of injury because he did not inhale the gases from the fire, "* * * but patients with this kind of burn frequently are very severely injured." The doctor also testified that at time of trial the victim was not disabled.

At the conclusion of the doctor's testimony, and for the purpose of having the indictment conform to the evidence, the State moved to amend the aggravated battery charge. The motion was granted. As amended, defendant was charged with committing the aggravated battery "'* * * in a manner whereby great bodily harm or death can be inflicted, * * *'" See § 40A–3–5(C), supra. The amendment is authorized by § 41–6–37, N.M.S.A.1953 (Repl.Vol. 6).

Defendant does not claim the trial court erred in authorizing the amendment. The issue under this point involves the denial of two defense motions, both of which are based on § 40A–3–5(B), supra. This portion of the aggravated battery statute makes the crime a misdemeanor, instead of a felony, where the injury inflicted "* * * is not likely to cause death or great bodily harm. * * *"

■ Defendant moved that the indictment be dismissed on the basis that the doctor's evidence showed the victim's injuries were not disabling and "* * * the prosecution has failed to prove that the defendant is guilty of any charge other than a misdemeanor, * * *" By defendant's own argument, the trial court properly refused to dismiss the indictment, as amended. If, as defendant asserts, the doctor's testimony "proved" an aggravated battery that was a misdemeanor, rather than a felony, this would only go to limiting the issues to be submitted to the jury. If the misdemeanor was proved, the indictment should not be dismissed. Compare § 41–6–33, N.M.S.A.1953 (Repl.Vol. 6). Another answer to this question is that it was

for the jury to determine whether the injuries inflicted were not likely to cause death or great bodily harm (the misdemeanor), or whether the aggravated battery was committed in a manner whereby great bodily harm or death could be inflicted (the felony).

■ Defendant also moved for a continuance and for leave to have the victim examined by a physician to determine the extent of the injury. Defendant asserts his motion for continuance was for the purpose of determining strategy to meet the "surprise" testimony of the doctor. The trial court denied the motion for continuance on the basis that the defendant had not been prejudiced in his defense upon the merits. See § 41–6–37, supra.

Asserting the trial court erred in refusing to grant a continuance, defendant contends there was "sufficient question" concerning the injuries; that he should have been permitted to have the victim examined by a physician of his own choice in order to meet the amended indictment. We disagree.

There is nothing to show that the defense was surprised by the doctor's testimony, nothing to show that the defense did not know what the doctor's testimony would be or could not have learned about the testimony in advance of trial. Trial was on September 28th; the last examination on which the doctor's testimony was based was September 13th. No claim is made that defendant was unable to learn what the doctor's testimony would be in advance of trial. Compare State v. Mora, 81 N.M. 631, 471 P.2d 201 (Ct.App.1970); State v. Maes, 81 N.M. 550, 469 P.2d 529 (Ct.App.1970).

Nor is there anything in the record showing defendant was prejudiced in his defense on the merits. Even if the doctor's testimony might be read to raise a question as to the degree of the aggravated battery, this could have favored the defendant because, if so read, it opened the possibility that defendant's crime was a misdemeanor rather than a felony.

**578**

Further, the question of the injury inflicted in committing the aggravated battery was involved in the charge prior to the trial amendment. Since the trial amendment did no more than clarify the ambiguous language of the original indictment, and since the manner of committing the aggravated battery was an issue in the case from the beginning, defendant's effort to have the case continued to have the victim examined by a doctor was an effort to do what could have been done prior to trial.

Section 41-6-37(4), supra, states: "No appeal * * * based on any such * * * variance shall be sustained unless it is affirmatively shown that the defendant was in fact prejudiced thereby in his defense upon the merits." Here, there is no affirmative showing of prejudice; the only showing in the record is that the defendant was not prejudiced by the amendment to the indictment.

The judgment and sentence is affirmed.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.