497 P.2d 981

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Lish WILKERSON, Defendant-Appellant.**

**No. 875.**

Court of Appeals of New Mexico.

May 12, 1972.

Donald C. Cox, Easley & Reynolds, Hobbs, for defendant-appellant.

David L. Norvell, Atty. Gen., Victor Moss, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

COWAN, Judge.

Defendant appeals following his conviction for burglary (§ 40A–16–3, N.M.S.A. 1953 [Repl.Vol. 6, 1971 Supp.]). We affirm.

At the close of the state's case and again at the close of all the evidence the defendant moved for a directed verdict for lack of substantial evidence to support a conviction. The defendant urges error in the denial of these motions.

On July 7, 1971, at about 10:30 P.M., a guest at a motel in Hobbs looked out of her room and saw three men standing at the back of a pick-up truck, who then "got another colored man out of the cab of truck * * *." The area was well lighted. She identified the defendant as the man in the cab. The four men started to walk away when the defendant returned and re-entered the truck cab. The witness then turned away to make a phone call.

When the police arrived they apprehended three persons, including the defendant, near the motel. Certain business papers were found on the ground near the pick-up and others were found in the alley near where the defendant was apprehended.

The owner of the pick-up, also a guest of the motel, testified that some tools were missing from the back of the pick-up truck and identified the business papers as those he kept in the glove compartment of the

truck. He had not given the defendant permission to enter the vehicle.

■ The statute, supra, under which the defendant was convicted, states in part:

"Burglary consists of the unauthorized entry of any vehicle, * * * with the intent to commit any felony or theft therein."

By his motions for a directed verdict, the defendant placed before the trial court the question of whether there was any substantial evidence to support, or reasonably tending to support, the charge of burglary. Viewing the record as a whole, we think there is substantial evidence to warrant allowing the case to go to the jury and the trial court did not err in overruling defendant's motions. State v. Ferguson, 77 N.M. 441, 423 P.2d 872 (1967). The identification of the defendant was positive, as was his presence in the cab of the pick-up. The jury could reasonably infer from the defendant's unauthorized presence in the vehicle that he had the necessary intent to commit a felony or theft therein. State v. Ortega, 79 N.M. 707, 448 P.2d 813 (Ct. App.1968). The crime of burglary is complete when there is an unauthorized entry with the intent to commit a felony or theft in the vehicle or structure entered. Proof that property was actually taken is not nec-essary nor is proof of possession of a stolen item. State v. Ford, 81 N.M. 556, 469 P.2d 535 (Ct.App.1970).

■ Defendant also urges error in the court's permitting the state to present a rebuttal witness after announcing that there would be no rebuttal. The ground for defendant's objection does not appear in the record but the defendant claims the testimony of the witness "may be summarized as an attempt to impeach the testimony of the defense witness by showing a prior inconsistent statement." The defendant asserts prejudice because the testimony of the witness, being given out of order, was unduly emphasized and "must have appeared to the jury to be of greater importance than that of the other witnesses."

■ A trial judge has a broad discretion in the matter of reopening a case to permit the taking of additional testimony on behalf of either party. State v. Deaton, 74 N.M. 87, 390 P.2d 966 (1964). While we might admire the defendant's unique argument, we cannot agree that the trial court abused its discretion.

The judgment and sentence is affirmed. It is so ordered.

SUTIN, and HERNANDEZ, JJ., concur.