551 P.2d 987

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Arthur Ray TIXIER, Defendant-Appellant.**

**No. 2442.**

Court of Appeals of New Mexico.

June 15, 1976.

———◆———

Jan Hartke, Acting Chief Public Defender, Bruce L. Herr, Appellate Defender, Bruce R. Kohl, Asst. Public Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Raymond Hamilton, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant appeals his burglary conviction claiming: (1) non-expert opinion testimony was improperly admitted, (2) insufficiency of the evidence of intent, and (3) insufficiency of the evidence of entry.

*Non-Expert Opinion Testimony*

The premises involved was an auto store. The store had a burglary alarm system. The acting manager testified that the system was activated by something crossing a beam of light. Defendant claims the acting manager was not qualified to give this testimony because of a lack of evidence that the acting manager had any particular expertise or knowledge concerning burglary alarms.

We are not concerned with Evidence Rule 702 which pertains to expert witness-

es. The acting manager was not qualified as an expert. Our concern is with Evidence Rule 701 which pertains to non-expert witnesses. Evidence Rule 701 permits the testimony of non-expert witnesses if the testimony "* * * in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue."

The acting manager testified that the alarm system had been installed in the building for about five years before the incident involving defendant. The acting manager was present when the system was installed, tested and demonstrated. He was familiar with how to turn the system on and off. The system was tested once a week and he had participated in the testing. He described the physical location of the beam of light, how he turned the alarm system on when the store closed for the day, and how he turned it off when he arrived at the store after the incident involving defendant. He testified that there had never been any activation of the system without breaking the light beam.

This testimony concerned the acting manager's own perceptions and was helpful in determining whether there had been an entry into the building. The testimony as to how the system was activated was admissible under Evidence Rule 701. See *State v. Foster,* 82 N.M. 573, 484 P.2d 1283 (Ct.App.1971).

*Evidence of Intent*

█ Section 40A–16–3, N.M.S.A.1953 (2d Repl.Vol. 6) defines burglary in terms of an unauthorized entry with intent to commit any felony or theft therein.

The burglary alarm system was triggered; police officers responded within a minute after being called. There was a four-by-eight-inch hole in a garage door. The hole was near the door opening mechanism. There were tires stacked near the door. Defendant was found hiding in these tires. The piece of door which had been removed in making the hole was found in the area where defendant was hiding. The store had been closed at 5:30 p.m.; the alarm went off shortly after 10:00 p.m. This evidence permits an inference that defendant intended to commit a felony or theft inside the store. Compare, *State v. Lauderdale,* 85 N.M. 157, 509 P.2d 1352 (Ct.App.1973).

*Evidence of Entry*

█ For there to be a burglary there must be an unauthorized entry with the necessary intent. *State v. McAfee,* 78 N. M. 108, 428 P.2d 647 (1967). Defendant claims the evidence fails to show an entry into the store.

The acting manager testified that the burglary alarm system was activated by something crossing a beam of light. The beam of light was located one-half inch inside the garage door which had the four-by-eight-inch hole. The hole was near the door opening mechanism. The beam of light traveled three inches above and three inches below the door opening mechanism. One of the beams ran about in the middle of the hole in the door.

The State contends that defendant reached inside the hole to open the door. The evidence does not permit this inference because the door was locked when the police arrived. See *State v. Grubaugh,* 54 N.M. 272, 221 P.2d 1055 (1950). There is no evidence that any part of defendant's body entered the store. However, there is a fair inference from the evidence that the instrument used to remove the piece of door crossed the light beam and activated the burglary alarm.

The question is whether evidence that an unidentified instrument penetrated one-half inch inside the building is sufficient evidence of entry to sustain a burglary conviction.

A one-half inch penetration into the building is sufficient. Any penetration, however slight, of the interior space is sufficient. The fact that the penetration is by

an instrument is also sufficient. 2 Wharton's Criminal Law and Procedure (1957) § 421; Clark and Marshall, Crimes, 6th ed., § 13.04.

Defendant's claim is based on a statement in § 421 of *Wharton's*, supra, to the effect that when penetration by an instrument is relied on to show entry, the instrument must have been "inserted for the purpose of perpetrating a felony therein * * *." Another statement in the same section is: "When entry is made by means of an instrument, it must be used for the purpose of effecting the felony, and not merely of gaining entrance for the defendant." Various jurisdictions have followed this rule. *People v. Walters,* 249 Cal.App.2d 547, 57 Cal.Rptr. 484 (1967); *People v. Davis,* 3 Ill.App.3d 738, 279 N. E.2d 179 (1972); *Terminal News Stands v. General Casualty Co.,* 203 Or. 54, 278 P.2d 158 (1954); *State v. Liberty,* 280 A. 2d 805 (Me.1971). *Bailey v. State,* 231 A. 2d 469 (Del.1967) suggests that the common law rule was even more restrictive—that the instrument inserted into the building must be intended to detach or remove property at the moment of insertion.

Application of the above rule seems to be based on a definition of burglary that does not exist in New Mexico. *Russell v. State,* 158 Tex.Cr.R. 350, 255 S.W.2d 881 (1953) indicates that the instrument must be used in some way to consummate the criminal intent. The criminal intent in New Mexico is the intent to commit a felony or theft. Burglary is complete when one enters with the requisite intent. That intent does not have to be consummated. *State v. Wilkerson,* 83 N.M. 770, 497 P.2d 981 (Ct.App.1972).

*Tanner v. State,* 473 S.W.2d 936 (Tex. Cr.App.1971) states there must be proof of entry by an instrument to be used in effecting the taking of property from the building; entry by an instrument used to effect the break-in is insufficient. The requirement of a "breaking", compare *State v. Grubaugh,* supra, is no longer included in our statutory definition of burglary.

Thus, we are not concerned with evidence of breaking as opposed to evidence of entering.

Evidence of a break-in by use of an instrument which penetrates into the building is, in our opinion, evidence of entry into the building. The sufficiency of this evidence is not destroyed by a failure to prove that the instrument was used to steal something from the building or to commit another felony. Such proof is unnecessary because burglary does not depend upon actions after the entry; the crime is complete when there is an unauthorized entry with the requisite intent.

Burglary is an offense against the security of the building. See *State v. Liberty,* supra. When that security is breached by the penetration of an instrument into the building there has been an entry within the meaning of § 40A–16–3, supra. We decline to superimpose the rule quoted in *Wharton's* onto our statutory definition. The evidence of entry under our statute was sufficient.

Affirmed.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.