691 P.2d 882

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**James Patrick JENNINGS, and Law-
rence Neil Morris,
Defendants-Appellants.**

Nos. 7518, 7519.

Court of Appeals of New Mexico.

May 8, 1984.

Certiorari Quashed Dec. 7, 1984.

Janet Clow, Chief Public Defender, Lynne Corr, Asst. Appellate Defender, Santa Fe, for plaintiff-appellee.

Paul Bardacke, Atty. Gen., Barbara F. Green, Asst. Atty. Gen., Santa Fe, for defendants-appellants.

## OPINION

HENDLEY, Judge.

Convicted of attempted breaking and entering, possession of burglary tools, and conspiracy to commit breaking and entering, contrary to NMSA 1978, Sections 30–14–8, 30–16–5, 30–28–1 and –2 (Orig.Pamp. and Cum.Supp.1983), defendants appeal. They assert four grounds for reversal. We discuss insufficient evidence to convict of possession of burglary tools and failure to define burglary or its requisite intent. We answer summarily whether using NMSA 1978, UJI Crim. 16.23 (Repl.Pamp.1982) was improper, and if the sentencing was improper.

We affirm the convictions, affirm Jennings' sentence and remand for correction of Morris' sentence.

Officer Vasquez observed a tall white male in a green military-type overcoat peering inside the Zia-Fina gas station which was closed. Vasquez saw him disappear around the side of the building, then reappear with a shorter white male wearing a light shirt. Both were looking inside the station. Vasquez saw the taller one attempt to scale the side of the building. The man gave up. Vasquez then heard the sound of metal pounding on metal. Officer Giunta surveilled the station also. He

heard a metallic banging coming from the area at the back of the gas station where there was a stairway leading down to the basement door. After a few minutes, he saw the two subjects coming from the middle rear of the building and leave the area. Giunta left his vantage point and apprehended the two men after they had entered a van. These were the men he observed at the gas station. The green military-type coat was found in the van.

Officer Lewis testified that he frisked the two men once Giunta had them out of the van. Jennings had a long-blade screwdriver (6″ to 8″) in his right front pocket, and Morris had a small flashlight in his right front pocket. Officer Otosky testified that he observed fresh tool marks at the lock mechanism of the bathroom door of the station. They seemed to be screwdriver marks; they were smaller than what would have been made by a tire iron. He observed that the padlock had been forced off the basement door, which was open when he got to the building. He thought that the basement door opened to the inside. Officer Johnson testified that he and his dog went to the small basement room where the door was open. The dog went into the room and was barking, and aggressively searching, as though someone had been in there within a short period of time.

Chris Lopez, who runs the station, testified that the basement and bathroom doors were locked when he left. He arrived after being called by the police. The bathroom door knob was broken. It appeared to him there were new screwdriver and hammer marks there. The basement door was open. Nothing was taken or damaged inside the basement room.

**Insufficient Evidence**

Defendants argue this issue in two parts: first, that there was no evidence to prove that the flashlight and screwdriver were either designed or commonly used for the commission of burglary; and second, that there was no evidence of the requisite intent to use those items in the commission of a burglary. Possession of burglary tools is defined in Section 30–16–5 as follows:

> Possession of burglary tools consists of having in the person's possession a device or instrumentality designed or commonly used for the commission of burglary and under circumstances evincing an intent to use the same in the commission of burglary.

The statute is explained in *State v. Najera*, 89 N.M. 522, 554 P.2d 983 (Ct.App. 1976), where defendant's statutory challenge was that ordinary tools could not be included within the statute. This Court held that one may be "exposed to criminal sanctions if one: (1) possesses an instrumentality or device, (2) the instrumentality or device is designed or commonly used to commit burglary, and (3) the instrumentality or device is possessed under circumstances evincing an intent to use the instrumentality or device in committing burglary." *Najera.*

**A. Designed or Commonly Used**

Defendants' contention seems to be that this element was not proven because the State failed to present any *direct* evidence or testimony that a flashlight and a screwdriver are items commonly used in the commission of burglaries.

■ The State contends that the issue of whether items are commonly used for burglaries is a factual one to be decided by the jury upon any competent evidence tending to show the nature and purpose of the tools. We agree.

There is no New Mexico authority directly on point, but an analogy, as pointed out by the State, to the "deadly weapon" cases is appropriate. In *State v. Candelaria*, 97 N.M. 64, 636 P.2d 883 (Ct.App.1981), defendant was convicted of several charges, including aggravated battery with a deadly weapon. The rape victim had testified that defendant had wielded a screwdriver like a weapon. The screwdriver was not introduced into evidence. A screwdriver was not included among the items listed as deadly weapons in NMSA 1978, Section 30–1–12(B), but the statutory definition includ-

ed "weapons with which dangerous wounds can be inflicted." In answer to defendant's assertion that the State failed to prove the deadly weapon element, we held that the jury could determine the factual question of whether a deadly weapon was used by a description of the weapon and its use. *See also State v. Gonzales*, 85 N.M. 780, 517 P.2d 1306 (Ct.App.1973).

In *State v. Blea*, 100 N.M. 237, 668 P.2d 1114 (Ct.App.1983), we construed an Albuquerque city ordinance prohibiting the unlawful carrying of a deadly weapon. The ordinance defined "deadly weapon" as any firearm or weapon capable of producing death or great bodily harm, and enumerated various weapons. The defendant was apprehended with an ice-pick-like part from a disassembled voltage tester. This Court construed the ordinance to include the factual test of whether, under the surrounding circumstances, the purpose of carrying such an object was for use as a weapon. It was unnecessary to prove an intent to actually *use* the object, but only that the purpose of carrying the item was its use as a weapon. The factors to be considered *by the fact finder* included 1) the nature of the instrument, 2) the circumstances under which it was carried, 3) the defendant's actions vis-a-vis the item, and 4) the place of concealment. If the object was not specifically listed as a deadly weapon, the prosecutor must prove, as a fact, that the defendant carried the item because it could be used as a weapon. When a voltage tester or other utilitarian tool or item is not per se a weapon, there must be a factual finding as to either its actual use or the purpose for which it is carried. The culpability of one caught carrying an object not a weapon per se requires 1) the physical act, and 2) the requisite criminal intent to carry the object as a weapon.

 Accordingly, we construe "burglary tools" in a similar manner. There was evidence that defendants were in the area of suspicious metallic bangings or poundings, one defendant attempted to scale the station wall, fresh marks which appeared to be screwdriver marks were on the bathroom door, and the padlock had been broken off the basement door. This evidence allows a reasonable inference that the tools possessed by defendants were actually used as burglary tools. In view of this evidence of actual use, evidence that flashlights and screwdrivers are "commonly used" burglariously is unnecessary. *See Candelaria* and *Blea.*

## B. Intent to Use in the Commission of Burglary

Defendants contend that the State failed to prove possession of the tools under circumstances evincing an intent to use the tools in committing burglary. We disagree.

 Burglary is a specific intent crime. It requires an unauthorized entry with the intent to commit any felony or theft therein. NMSA 1978, § 30–16–3; *State v. Gunzelman*, 85 N.M. 295, 512 P.2d 55 (1973). Intent is rarely provable by direct evidence. If there are reasonable inferences and sufficient direct or circumstantial facts, then the issue of intent is determinable by the jury and will not be reweighed by the reviewing court. *State v. Lucero*, 98 N.M. 311, 648 P.2d 350 (Ct.App.1982). The facts recited above, regarding the defendants' actions and the surrounding circumstances, provide sufficient evidence from which a jury could infer that defendants intended to break into the station and commit a theft therein. This is a reasonable inference. Proof of actual theft is unnecessary to support a burglary conviction. *State v. Gutierrez*, 82 N.M. 578, 484 P.2d 1288 (Ct.App.1971). An unauthorized presence in a structure is evidence from which a jury could reasonably infer the necessary intent to commit a felony or theft therein. *State v. Wilkerson*, 83 N.M. 770, 497 P.2d 981 (Ct.App. 1972); *State v. Tixier*, 89 N.M. 297, 551 P.2d 987 (Ct.App.1976). The evidence supports a reasonable inference that the defendants possessed the tools with the intent to use the tools in committing burglary.

### Failure to Define Burglary or Its Requisite Intent

■ Defendants contend that, because the charge of possession of burglary tools requires an intent to commit burglary, the jury should have been instructed as to the definition and intent element of burglary. This was not preserved below. In order to be raised for the first time in a motion to amend the docketing statement, or on appeal, an error must either be jurisdictional or fundamental. NMSA 1978, Crim., Child. Ct., Dom.Rel. & W/C App.R. 308 (Repl. Pamp.1983). Defendants assert that this error may be raised for the first time on appeal because it is jurisdictional error.

■ Failure to give a jury instruction containing an essential element of the crime charged is jurisdictional and may be raised for the first time on appeal. In contrast, the failure to give a definitional jury instruction is not error. *State v. Doe*, 100 N.M. 481, 672 P.2d 654 (1983). The question to be resolved here is whether the jury was properly instructed on the essential element of the possession charge—the intent to commit burglary.

■ The jury was instructed with UJI Crim. 16.23. This is the approved uniform jury instruction, containing all the statutory elements of the offense. *See* § 30-16-5. An instruction which follows the language of the statute is adequate. *State v. Padilla*, 90 N.M. 481, 565 P.2d 352 (Ct.App.1977); *State v. Gunzelman.* A failure to instruct on the definition or amplification of the elements of a crime is not error. *Padilla.* What defendants claim as failure to instruct on an essential element is actually failure to instruct on a definition. This is not jurisdictional error. They may not raise this issue for the first time on appeal. Crim., Child.Ct., Dom.Rel. & W/C App.R. 308.

### UJI Crim. 16.23 Is Improper

■ Defendants contend that the instruction regarding possession of burglary tools is worded so as to assume the existence of an essential element of the crime.

We do not reach the merits of this issue. We have no authority to set approved jury instructions aside, *State v. Scott*, 90 N.M. 256, 561 P.2d 1349 (Ct.App.1977), or to review a claim that an approved jury instruction is erroneous. *State v. King*, 90 N.M. 377, 563 P.2d 1170 (Ct.App.1977).

### Sentencing

#### A. Jennings

■ Jennings asserts that the judgment entered is confusing. The judgment is somewhat inartful. However, should the perceived problems arise, they can be brought to the trial court's attention and corrected at any time. *State v. Ross*, 100 N.M. 48, 665 P.2d 310 (Ct.App.1983); NMSA 1978, Crim.P.R. 51(b) (Repl.Pamp. 1980).

#### B. Morris

The judgment does not reflect that Morris was convicted of attempted breaking and entering. This was apparently a clerical oversight.

■ Morris also complains that his sentence should be one day less than two and one-half years because the sentence for the misdemeanor of attempted breaking and entering is less than one year. NMSA 1978, §§ 30-14-8, 31-19-1(A) and 30-28-1(D) (Orig.Pamp., Cum.Supp.1983, and Repl.Pamp.1981). We agree. The trial court's sentencing authority is only that which is conferred by the Legislature. *State v. Hernandez*, 97 N.M. 28, 636 P.2d 299 (Ct.App.1981). The sentence should be for eighteen months, plus a period of less than one year for the misdemeanor. Morris' judgment and sentence are remanded for correction of the sentence itself and the inclusion of the attempted breaking and entering conviction.

The convictions of the defendants are affirmed. Morris' cause is remanded for correction of sentence.

**IT IS SO ORDERED.**

BIVINS and ALARID, JJ., concur.