This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          NO.   32,096

**DANIEL A. DEAN**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Karen L. Parsons, District Judge**

Gary K. King, Attorney General
Albuquerque, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Daniel Dean (Defendant) appeals his conviction for aggravated driving while intoxicated. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. Not persuaded, we affirm.

**ISSUE 1**

Defendant continues to claim that the district court erred in refusing his jury instruction on the definition of "actual physical control" for purposes of establishing driving while intoxicated (DWI). [MIO 4; RP 85] In *State v. Sims*, our Supreme Court modified existing DWI by actual physical control law, requiring two elements to secure a conviction: "(1) the defendant was actually, not just potentially, exercising control over the vehicle, and (2) the defendant had the general intent to drive so as to pose a real danger to himself, herself, or the public." 2010-NMSC-027, ¶ 4, 148 N.M. 330, 236 P.3d 642. In *State v. Mailman*, the Supreme Court clarified that, where the State is relying on an actual physical control theory to support DWI, the jury instruction must include language requiring proof of the intent to drive. 2010-NMSC-036, ¶¶ 7-12, 148 N.M. 702, 242 P.3d 269. The failure to so instruct constitutes the type of legally defective jury instruction that requires reversal and remand for a new trial. *Id*. ¶ 12; *see also State v. Olguin*, 118 N.M. 91, 98, 879 P.2d 92, 99 (Ct. App. 1994) (holding that due process requires reversal where a jury instruction provides a legally inadequate definition of a crime).

Here, we believe that the jury was adequately instructed because it was instructed that, in addition to actual physical control, the State had to show intent to drive as required by *Sims* and *Mailman*. [RP 56] Defendant tendered a definitional instruction on the meaning of "intent to drive." [RP 85] Defendant continues to argue that the district court erred in refusing to instruct the jury with this definitional instruction. However, as we observed in our calendar notice, the district court did not commit error by refusing the instruction. *See State v. Jennings*, 102 N.M. 89, 93, 691 P.2d 882, 886 (Ct. App. 1984) ("A failure to instruct on the definition or amplification of the elements of a crime is not error.").

**ISSUE 2**

Defendant continues to claim that his right to confrontation was violated when a witness was allowed to testify regarding a call to dispatch. [MIO 6] Information provided by a citizen 911 caller to dispatch is generally considered non-testimonial and does not implicate the Confrontation Clause. *See State v. Soliz*, 2009-NMCA-079, ¶ 13, 146 N.M. 616, 213 P.3d 520 (holding under the facts of the case that a 911 call was non-testimonial); *see also State v. Ortega*, 2008-NMCA-001, ¶¶ 14, 28, 143 N.M. 261, 175 P.3d 929 (explaining that a phone call to a 911 operator is generally non-testimonial because the purpose of the phone call is to enable police assistance to meet an ongoing emergency), *overruled on other grounds by State v. Mendez*,

2010-NMSC-044, ¶ 40, 148 N.M. 761, 242 P.3d 328. The contemporaneous nature of the call and the observations contained therein indicate that this case falls within the general rule governing 911 calls and confrontation. *See Soliz*, 2009-NMCA-079, ¶ 13 (setting forth factors to consider). We are not persuaded by Defendant's claim that the 911 call was nevertheless testimonial. To the contrary, Defendant's application of *Soliz* supports the conclusion that the call was non-testimonial. [MIO 10-11] We also reject Defendant's claim that additional physical evidence was necessary, although we point out that this evidence existed in the form of Defendant's physical control of the vehicle, and Defendant's admission that he had been drinking. [MIO 2-3; 11]

**ISSUE 3**

Defendant continues to challenge the admission of the 911 tape log under the business records exception to the hearsay rule. [MIO 13] *See* Rule 11-803(F) NMRA. "We review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse." *See State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72. Our calendar notice proposed to hold that the admission of the tape log was proper under the public records exception to the hearsay rule, Rule 11-803(H)(2) NMRA. *See State v. Ruiz*, 2007-NMCA-014, ¶ 38,

4

141 N.M. 53, 150 P.3d 1003 (noting that we will uphold the decision of a district court if it is right for any reason).

In his memorandum in opposition, Defendant argues that the 911 call did not constitute a statement of identity for purposes of making it admissible as non-hearsay under Rule 11-801(D)(1)(c) NMRA. [MIO 14-15] We do not deem it necessary to consider whether the evidence was admissible under this alternative theory because it was admissible as a public records exception. *See State v. Litteral*, 110 N.M. 138, 141, 793 P.2d 268, 271 (1990) ("Evidence inadmissible for one purpose may be admissible for other purposes under a different rule of evidence.").

**ISSUE 4**

Defendant continues to claim that the district court erred by ruling that he opened the door to his character when he stated "I won't do that" in reference to drinking and driving. [DS 5; MIO 3, 16] Defendant has suggested that this is a reference to future behavior, not past behavior. We conclude that the district court acted within its discretion in interpreting this as a general statement of character and, therefore, non-extrinsic impeachment was proper under Rule 11-608(B)(1) NMRA.

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**

_____

                              **RODERICK T. KENNEDY, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**LINDA M. VANZI, Judge**