**STATE V. RYAN**

This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**BRANDON RYAN,**
**Defendant-Appellant.**

NO. A-1-CA-37358

COURT OF APPEALS OF NEW MEXICO

February 7, 2019

APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY, Matthew E. Chandler, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM, for Appellee

Bennett J. Baur, Chief Public Defender, Kathleen T. Baldridge, Assistant Appellate Defender, Santa Fe, NM, for Appellant

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR: J. MILES HANISEE, Judge, KRISTINA BOGARDUS, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Defendant appeals his conviction for breaking and entering. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**{2}** Defendant continues to challenge the sufficiency of the evidence to support his conviction for breaking and entering. A sufficiency of the evidence review involves a two-step process. *State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756. Initially, the evidence is viewed in the light most favorable to the verdict. *Id.* Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *Id.* (internal quotation marks and citations omitted).

**{3}** In order to convict Defendant, the evidence had to show that Defendant entered a residence without permission by cutting a window screen. [RP 119] Defendant does not dispute that the State presented evidence that he cut into the window screen. Instead, he argues that his conduct amounted to an insufficient "entry" and that the State failed to present evidence that he acted without permission of the homeowner. With respect to "entry," our Supreme Court has recognized that this refers to "the least intrusion into some interior space, that . . . simply refers to the area beyond the boundary that a reasonable person would expect to afford them protection from unauthorized intrusions." *State v. Holt*, 2016-NMSC-011, ¶ 19, 368 P.3d 409; *see also* UJI 14-1410 NMRA (stating that where entry is at issue, the court is to instruct the jury that "the least intrusion constitutes an entry"). Here, Defendant penetrated this boundary when he cut the screen with a knife. This was sufficient. *See State v. Tixier*, 1976-NMCA-054, ¶ 12, 89 N.M. 297, 551 P.2d 987 (holding that entry occurred where there was a one-half inch penetration into a building). With respect to the alleged lack of evidence that the entry was unauthorized, this evidence is implicit by the nature of Defendant's damage to property and the penetration of the protected space. *See Holt*, 2016-NMSC-011, ¶ 17 (discussing reasonable expectation of privacy underlying the definition of area that is protected from intrusion); *State v. Carter*, 1979-NMCA-117, ¶ 6, 93 N.M. 500, 601 P.2d 733 (observing that "circumstantial evidence may be sufficient to prove an unauthorized entry").

**{4}** For the reasons set forth above, we affirm.

**{5}** **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KRISTINA BOGARDUS, Judge**