This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-36627**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**DAVID LOFLIN,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**James M. Hudson, District Judge**

Hector H. Balderas, Attorney General
Anita Carlson, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**M. ZAMORA, Judge.**

**{1}**    A jury convicted Defendant David Loflin of possession of burglary tools, contrary to NMSA 1978, Section 30-16-5 (1963). Defendant appeals on the grounds that the State presented insufficient evidence to support his conviction. We affirm.

**BACKGROUND**

**{2}** At 4:00 a.m. on the morning of July 12, 2016, Sergeant Bart Devos of Roswell Police Department stopped a vehicle with an expired registration tag. The Sergeant made contact with the driver, Joseph Mendoza (Mendoza), and immediately noticed two things: the driver was dressed in all black, and he was wearing a backpack while he was driving. A closer look revealed that there were bolt cutters visibly protruding from the backpack. The Sergeant then learned Mendoza did not have a valid driver's license and he had outstanding arrest warrants. Defendant was seated in the front passenger seat. As a result of Mendoza's arrest and a search warrant for the car, a pry bar, two flashlights, and a file set were located in the vehicle. Defendant was later charged with one count of possession of burglary tools. He appeals his conviction.

## DISCUSSION

**{3}** Defendant argues that the jury did not have sufficient evidence to find him guilty of possession of burglary tools. In response, the State argues that it presented sufficient evidence and if not, there was sufficient evidence at least to infer there was constructive possession. The State also argues that the jury had sufficient evidence to infer that Defendant intended to use the tools for the purpose of committing the burglary.

**{4}** "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). The reviewing court "view[s] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We disregard all evidence and inferences that support a different result. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883.

**{5}** Section 30-16-5 sets forth the elements for the criminal offense of possession of burglary tools stating that possession consists of "having in the person's possession a device or instrumentality designed or commonly used for the commission of burglary and under circumstances evincing an intent to use the same in the commission of [the] burglary." In accordance with UJI 14-1633 NMRA, the jury was instructed as follows:

    1.    [D]efendant had in his possession . . . a steel pry bar and a flashlight, which are designed for or commonly used in the commission of a burglary;

    2.    [D]efendant intended that these tools including a steel pry bar and flashlight to be used for the purpose of committing a burglary;

    3.    This happened in New Mexico on or about the 12th day of July, 2016.

Since Defendant was not in actual possession of the pry bar and arguably the flashlight, the jury was given a constructive possession instruction. Under the constructive possession instruction, "[a] person is in possession of an object when, on the occasion in question, he knows what it is, he knows it is on his person or in his presence and he exercises control over it." *See* UJI 14-130 NMRA. The State therefore had to prove that Defendant knew the tools were present in the car, and that he exercised control over them. *See State v. Garcia*, 2005-NMSC-017, ¶ 13, 138 N.M. 1, 116 P.3d 72. Defendant argues that the State did not meet its burden of proving all elements beyond a reasonable doubt.

## A.      Constructive Possession

### 1.      Sufficient Evidence Supports Defendant's Knowledge of the Presence of the Burglary Tools

**{6}**      Defendant contends there was insufficient evidence presented to show he knew the tools were present in the car. Defendant argues that the mere location of the items was insufficient on its own to prove he had knowledge of the tools. The State, on the other hand, asserts that the pry bar was not even partially hidden, but was out in the middle of the floorboard right in front of Defendant, and that he was sitting on top of the flashlight.

**{7}**      Defendant and the State both rely on *State v. Garcia*, 2005-NMSC-017, 138 N.M. 1, 116 P.3d 72. In *Garcia*, the defendant was charged with "felon in possession of a firearm" and our Supreme Court upheld the conviction under a constructive possession theory. *Id.* ¶ 6. The defendant had a gun under his seat in the car and he was sitting on an ammunition clip that matched the gun. *Id.* ¶ 4. The Court considered whether there was sufficient evidence to conclude that the defendant knew the gun was under his seat to establish constructive possession. *Id.* ¶ 14. A key fact in *Garcia*, was that he was sitting on an ammunition clip that matched the gun under his seat. *See id.* ¶ 15. One of the key pieces of evidence allowing an inference of both knowledge and control was the ammunition clip the defendant was sitting on. *Id.* ¶ 22.

**{8}**      Like in *Garcia*, the evidence in the present case was sufficient to give rise to a reasonable inference that Defendant had knowledge of the burglary tools. In this case, the pry bar was either right under, or right next to his feet, and like the defendant in *Garcia*, Defendant was either sitting on or directly next to a flashlight. Sergeant Devos testified that the pry bar was found on the passenger floorboard and that the flashlight was found on the passenger seat, where Defendant was sitting. Based on the evidence presented, a reasonable juror could have concluded that Defendant had knowledge of the burglary tools next to, or under his feet, and on his seat.

### 2.      Sufficient Evidence Was Presented to Support the Jury's Conclusion That Defendant Was in Control of the Burglary Tools

**{9}** "In addition to knowledge, there must be sufficient evidence of control" to find constructive possession. *Garcia,* 2005-NMSC-017, ¶ 16. "Control may . . . be established by drawing reasonable inferences from circumstantial evidence." *State v. Jimenez*, 2017-NMCA-039, ¶ 48, 392 P.3d 668.

**{10}** Defendant's argument implies that since he was not in exclusive control of the car, there is not enough evidence to support an inference of constructive possession of the tools. Defendant argues that although the pry bar was on the passenger floorboard and the flashlight on the passenger seat, they were not in a location where only he could have put them. Defendant states the driver of the car could also have placed the items there. The State responds by implying that exclusive control of the tools is not necessary, because "[t]wo or more people can have possession of an object at the same time." UJI 14-130. Additionally, the State contends that Defendant was in direct control of the pry bar because he was in direct contact with it, by having his feet either on top of, or right next to the pry bar. The State also asserts that the evidence of the tools ties Defendant to Mendoza and his burglary tools, supporting an inference that they both had a plan to commit burglary. The State emphasizes that there were two flashlights; one underneath Mendoza, and one underneath Defendant—both equally accessible.

**{11}** The parties rely on various cases analogizing or distinguishing this case from other cases involving control of contraband. *State v. Phillips*, 2000-NMCA-028, ¶ 8, 128 N.M. 777, 999 P.2d 421 is the most persuasive. In *Phillips*, the defendant argued that there was insufficient evidence to find that she constructively possessed contraband found in her bedroom that she shared with one other person. *See id.*¶ 7. This Court recognized that the defendant did not have exclusive control over her bedroom where the contraband was discovered, but it also noted in part that all of the contraband discovered was in pairs, thus pointing to two individuals being involved. *See id.* ¶¶ 9-10. In *Phillips*, this Court held that a rational juror could have inferred from the duplicate sets of contraband that one belonged to the defendant and one to another individual. *Id.* ¶ 10. This Court acknowledged that the facts created an inference of constructive possession. *Id.*

**{12}** Here, like in *Phillips*, Defendant was not in exclusive control of the car, just as the defendant in *Phillips* was not in exclusive control of the bedroom. Arguably, there were two sets of burglary tools–one set for each of the men in the car. The pry bar was within reach of Defendant, and the flashlight was either directly next to Defendant's body, or he was sitting on it. The driver of the car had his own set of tools, namely the bolt cutters in his backpack, and his own flashlight on his seat. It was reasonable for the jury to infer that there was sufficient evidence to conclude that Defendant was in control of one set of burglary tools.

**B.    There Was Sufficient Evidence From Which a Jury Could Infer That Defendant Intended to Use the Burglary Tools in the Commission of a Burglary**

**{13}**    Defendant contends that the State failed to prove possession of burglary tools under circumstances evincing an intent to use the tools in committing a burglary. Intent is rarely provable by direct evidence. *See State v. Jennings*, 1984-NMCA-051, ¶ 14, 102 N.M. 89, 691 P.2d 882. If there are reasonable inferences and sufficient direct or circumstantial facts, then the issue of intent is determinable by the jury and will not be reweighed by the reviewing court. *See id.* ¶ 54.

**{14}**    Viewing the evidence in the light most favorable to the verdict, Sergeant Devos's testimony was sufficient to support the jury's conclusion that there were "circumstances evincing an intent to use the same in the commission of burglary." *See* § 30-16-5. Sergeant Devos testified that Mendoza and Defendant were driving around at approximately 4:00 a.m., with an expired registration tag. According to Sergeant Devos' testimony, Mendoza did not pick Defendant up in this neighborhood, nor did either of them live there. Both Mendoza and Defendant were cloaked in dark clothing. While driving, Mendoza was wearing a backpack with bolt cutters protruding, and had a flashlight near his seat. Defendant had a pry bar on the floorboard of his seat and a flashlight on his seat. According to Sergeant Devos, the items were considered to be burglary tools because bolt cutters are very powerful tools that can be used to cut locks or fences, a crow bar can be used to pry things open, and a flashlight to illuminate the area when it is dark out.

**{15}**    Defendant's actions and the surrounding circumstances provide sufficient evidence from which a jury could infer that Defendant and Mendoza possessed burglary tools, and intended to commit a burglary. The jury was free to reject any inference that the tools were possessed solely by the driver of the car. We do not search for inferences supporting a contrary verdict or re-weigh the evidence because this type of analysis would substitute an appellate court's judgment for that of the jury. *State v. Graham*, 2005-NMSC-004, ¶ 14, 137 N.M. 197, 109 P.3d 285. We conclude the State presented sufficient evidence from which the jury could have reasonably inferred that Defendant either actually or constructively possessed the burglary tools, and under the circumstances evinced an intent to use the same in the commission of a burglary.

**{16}**    Finally, Defendant argues that the intent element can only be satisfied if there is an alleged burglary. Defendant asserts the State universally has proven the intent element by charging and obtaining convictions for burglary, or some other similar crime. We do not find Defendant's argument persuasive. We have stated that "the possession of burglary tools statute does not require that a defendant be convicted of burglary to be held liable for possession." *See State v. Barragan*, 2001-NMCA-086, ¶ 27, 131 N.M. 281, 34 P.3d 1157, *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.6, 275 P.3d 110. "Instead, the evidence must only show that a defendant have an intent to use the instrumentality or device in committing burglary." *Barragan*, 2001-NMCA-086, ¶ 27 (internal quotations and citation omitted). Despite Defendant's assertion that there are no cases where a defendant is convicted for possession of burglary tools without at least a charge of actual burglary (or some other property crime), a charge or conviction for burglary is not required under Section 30-16-5.

**CONCLUSION**

**{17}** Based on the foregoing, we affirm Defendant's conviction for possession of burglary tools.

**{18}** **IT IS SO ORDERED.**

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**JACQUELINE R. MEDINA, Judge**