KENNEDY, Judge (dissenting). {27} This Opinion unnecessarily expands the physical space into which “entry” must occur for breaking and entering exactly as we have recently been warned against pursuing by our Supreme Court. By defining “entry” through a solely judicial construction of the space to which it applies, the Opinion needlessly creates new definition for crimes that are already adequately defined. This Opinion for the first time establishes the outermost perimeter of a structure’s space as what defines the scope of the word “entry” for breaking and entering and, presumably, for burglary as well. [Op. ¶18]. The Opinion, correctly, in my view, sees ambiguity in the central premise of “what delimits a structure.” [Op. ¶ 9] It recognizes that the Arizona legislature has explicitly defined “entry” as an “intrusion . . . inside the external boundaries of a structure or unit of real property” and that Texas’s statute prohibits entry of a building “or any portion of a building.” Id. California accomplished expanding an intrusion within the exterior plane of a building judicially, an accomplishment the Majority now seeks to duplicate. I read Muqqddin as a restriction on what the Majority seeks to accomplish in this case. Accordingly, I do not believe Muqqddin’s citation to Valencia and Nible was intended to encourage our changing the use of the word “entry” by expanding the boundary of space to be entered in a way they took pains to criticize. Muqqddin, 2012-NMSC-029, ¶45. The Supreme Court undid our long-standing tendency to expand the spaces covered by breaking and entering and burglary; embarking again here on that path is unwise and unnecessary. With regard to Valencia and Nible, our Supreme Court specifically stated no more than that “a burglary can be committed through an open window[,]” that I see as protecting from a penetration of interior protected space, not the outermost plane of structure. Muqqddin, 2012-NMSC-029, ¶ 48. {28} Statutes are strictly construed against the state, and we are to resolve doubt about their construction in favor of the rule of lenity. State v. Bybee, 1989-NMCA- 071, ¶ 12, 109 N.M. 44, 781 P.2d 316. Criminal statutes may not be made applicable beyond their intended scope if the legislative proscription is plain. Id. “We are not to enlarge or amend [a] statute by judicial fiat.” Id. ¶ 15. “The Legislature is free to define the prohibited space of burglary to include any part of almost anything. But absent a clearer intent to do so, we should not ourselves do that which the Legislature has declined to do. It is for the Legislature alone to define statutory criminal acts, and when it does not do so clearly, the rule of lenity compels judicial restraint.” Muqqddin, 2012-NMSC-029, ¶ 37. In Muqqddin, as here, the acts in that case constituting the crime were “already punished under our statutes as other, lesser crimes.” Id. ¶ 50 (holding that judicially expanding the legal definition of a crime to include behavior already punished as other, lesser crimes transgresses legislative intent). We recently took this conservative approach instructed by Muqqddin to heart, overruling the holding in State v. Tower to hold that entry into a commercial establishment in violation of a no trespass notice was not a predicate “entry” sufficient to fulfill the element of commercial burglary. 2002-NMCA-109, ¶ 9, 133 N.M. 32, 59 P.3d 1264, overruled on other grounds by State v. Archuleta, 2015-NMCA-___, ¶ 1, _P.3d_ (No. 32,794, Oct. 27, 2014). We should be so restrained in this case. Penetration of Mere Outer Perimeters as “Entry” Was Rejected in Muqqddin {29} In Muqqddin, our Supreme Court reversed a tortured construction of “entry” by pointing out that this Court, over a period of decades, had engaged in an “unprecedented . . . expansion” of the reach of the burglary statute without there being corresponding legislative changes. 2012-NMSC-029, ¶ 1. Our holding that “[a]ny penetration of a vehicle’s perimeter is ... a penetration of the vehicle itself,” id. ¶ 10 (internal quotation marks and citation omitted), led in the next case to our holding that the “removal of a vehicle’s wheels is sufficient to constitute burglary.” State v. Dominguez-Meraz, No. 30,832, mem. op. *1 (N.M. Ct. App. Sept. 15, 2010) (non-precedential). Relying on previous cases later criticized and overruled by our Supreme Court for expanding the nature of burglary,[7] we again held that “ ‘entry’ in the criminal code requires only the slightest penetration of an interior space.” Sorrelhorse, 2011-NMCA-095, ¶ 7. {30} I disagree with the Majority’s assessment of Sorrelhorse as not “address[ing] the question presented here” because it concerns “the extent to which the defendant penetrated the prohibited space.” [Op. ¶ 16] Sorrelhorse specifically found “entry” into the “interior space” from the defendant’s foot being forced inside the door of an apartment and then forcing its occupants even farther back inside. Id. By holding “entry” to be into truly interior space, Sorrelhorse represents the direction we should follow. Who can dispute that the defendant “entered” the prohibited space by crossing the threshold of the apartment? Reynolds was implicitly overruled by Muqqddin not on the extent of penetration, which was a hand’s depth, but through questions about the validity of what constituted a prohibited structure and because the Legislature did not define a vehicle by its parts. Muqqddin, 2012-NMSC-029, ¶¶ 22, 37. For this reason, incorporating a boundary that resembles Texas’s “any part thereof’ should be avoided. {31} The Supreme Court skeptically recognized that some states include parts of “almost anything” in burglary statutes involving vehicles, but chose to “disagree with the notion that any penetration of a vehicle’s perimeter constitutes a penetration of the vehicle itself.” M ¶ 46. Valencia and Nible, relied upon by the Majority in this case, mirror our previous criticized cases when they “show [that] the requirement of entry is not difficult to satisfy; the slightest penetration will suffice.”[8] Magness v. Super. Ct., 278 P.3d 259, 263 (Cal. 2012) (construing Valencia and Nible). Magness specifically operates under that boundary but, in Valencia, the defendant damaged the window behind the screen in his attempt to open it. The California Supreme Court in Magness made the “observation that no burglary would have occurred in Valencia . . . had the defendant removed the window screen but not penetrated into the area behind it[.] Magness, 278 P.3d at 265. Wrapping fingers around the screen’s frame alone may not be sufficient penetration under Magness. On the issue of what constitutes entry, Magness is construction of Valencia. “In sum, something that is outside must go inside for an entry to occur.” Id. at 264. I am not convinced that Valencia’s and Nible’s path is persuasive. {32} The expansion of the nature of structures that could be burgled resulted in our Court’s having “gone astray” from the intent of both the common law and statutory roots of burglary according to our Supreme Court. We were thus criticized for creating a crime that enhanced “any crime committed in any type of structure or vehicle, as opposed to . . . punishment for a harmful entry.” Muqqddin, 2012-NMSC-029, ¶ 3. We might do well to follow the Iowa Supreme Court, which restrained itself from enlarging the inclusion of curtilage, including front stoops and driveways into the definition of “occupied structure” because the legislature had not previously done so, stating: “We do not construe statutes so as to render a part of it superfluous, but presume our legislature included every part of the statute for a purpose and intended each part to be given effect.” State v. Pace, 602 N.W.2d 764, 771 (Iowa 1999). Iowa sets a better example for us than California. The facts should fit the law. The law should not move to encompass the facts. From the progression through our vehicular burglary cases, I conclude that “entry” is not penetration of a perimeter to the slightest degree, and we should avoid expanding the protected area of a structure’s interior in the absence of legislative direction. The Fact That Defendant’s Conduct Is Adequately Proscribed By Other Statutes Should Also Require Our Forebearance {33} Muqqddin also cautions us against blurring the line between similar, but different, offenses with such expansions. 2012-NMSC-029, ¶ 50. It pointed out that the act of perforating a gas tank for its contents was more likely the misdemeanor of tampering with a motor vehicle. Id. ¶ 51. {34} Burglary traditionally entailed a home invasion, and the crime has evolved to “protect occupants against the terror and violence that can occur as a result of such an entry.” Id. ¶ 3. The privacy interest protected by burglary statutes is related to the terror of having an intruder inside of one’s home, into which the entry is fully accomplished. This Opinion recognizes this privacy interest and that Stamper’s reaction to Defendant’s actions is squarely within these senses of invasion, terror, and concern for possible personal violence that the burglary statute is designed to address. It is there the degree of “entry” falls short. [Op. ¶¶ 3,10]. Certainly, Defendant attempted an entry. But, the California Supreme Court stated, more specifically, “[t]he laws are primarily designed, then, not to deter the trespass and the intended crime, which are prohibited by other laws, so much as to forestall the germination of a situation dangerous to personal safety.” Magness, 278 P.3d at 261 (internal quotation marks and citation omitted). This case falls short of that standard. Breaking and entering differs from burglary because it protects a lesser interest than burglary, characterized by its inclusion in Article 14 of Chapter 30 of our statutes entitled “Trespass.” Muqqddin counsels us to have a disinclination to expand a statute when others are adequate to the purpose at hand. 2012-NMSC-029, ¶ 40 (distinguishing burglary as protecting rights that exist beyond “other laws” intended to deter trespass and theft). Attempt is the taking an act in furtherance of an intention to commit a crime. NMSA 1978, § 30-28-1 (1963). Defendant did not complete the act of entry and, given his likely intent and location of his crime, it is attempted burglary, not breaking and entering, that accounts for what the Majority says protects a heightened interest against “invasion of privacy” and security to justify their new boundary. [Op. ¶ 10], If the Majority follows the conservative approach given us by Muqqddin, then Defendant here should be criminally responsible for attempted residential burglary or, perhaps, attempted breaking and entering, criminal trespass, and criminal damage. The distinction is notable, and the existing criminal statutes are fully adequate as written. Defining New Ambiguous Structures Damages the Plain Meaning of “Entry” {35} The Majority concedes that the “any part of’ a structure language in the breaking and entering statute applies to the “breaking” portion of the statute and not the “entry.” [Op. ¶ 9]. The Opinion seems desirous of now extending “entry” to any penetration of “some sort of enclosure.” [Op. ¶ 11]. To do so successfully requires steps not yet legislated: (1) “structure” (protected space) must be further defined by its outermost perimeter; and (2) entry must be found either as a breaking of a perimeter, however slight, without clear entry of protected interior space, or an actual crossing of the threshold to be present inside of the structure. In Muqqddin, our Supreme Court rejected judicial approach equating entry into “any portion” of a structure with entry into the structure itself. 2012-NMSC-029, ¶ 38. Thus, I urge that the Majority’s holding inappropriately expands the protected area to “any portion” rather than the interior of the structure by its holding that breaking the outer perimeter and, no more, constituted “entry.” {36} Muqqddin also cautions us that the plain meaning rule applies to keep the word “entry” free of expansion by expanding those things that might be entered, since the Legislature’s existing statutes work without doing so, and judicial restraint forecloses our meddling in such an instance. Id. ¶ 38. Our Supreme Court rejected law from other jurisdictions, including Texas, that allow entry to be found when “the defendant crosses some imaginary plane” and concluded that “the concept of an imaginary plane is ambiguous, creating more questions than it answers and [is] subject to prosecutorial abuse.” Id. ¶¶ 46, 47. Our Supreme Court had no problem, however, finding that entry could be accomplished “through an open window.” Id. ¶ 48. The Opinion in this case consequently begs more questions than it answers. Muqqddin criticized including in “entry” the acts of passing a hand over a flatbed truck to break the plane of its outer edge and stealing a shutter attached to a house that required no entry, but was within the line between eaves and foundation to therefore “break[] the close.” Id. ¶47. Here, the Opinion concludes that “the plain language of the breaking and entering statute sheds little light on the Legislature’s intent as to the issue before us[.] . . . [WJhether the space between a window screen and an open window is protected space” under the statute. [Op. ¶ 9], State v. Kindred, based on Arizona’s statute that includes the plane of a building’s outer perimeter, acknowledged that their statute “differs in several ways from the common law[.]” 307 P.3d 1038, 1041 (Ariz. Ct. App. 2013). The Kindred Court also commented that it had found “no authority . . . expressly discussing whether that threshold has any particular depth and... whether entry into the threshold, without more, constitutes entry into the structure.” Id. The Arizona legislature made the threshold a plane and required no further entry than crossing it. {37} Our Legislature is as apt as any in Texas and Arizona to expand what our Supreme Court counsels us should be left to them alone. In an example from Magness of how parsing “entry” can beggar judicial interpretation, an intruder who approached and opened an unlocked sliding glass door on a house’s patio would displace air inside, but unless a part of him or something he carried “crossed the door’s threshold,” no burglary would occur. 278 P.3d at 264. He could be “charged with attempted burglary, but not with a completed burglary.” Id. The case was silent about the effect if the door handle were within the oixter perimeter of the door frame, or a finger was inside the outer edge of the door, but not inside the full width of the threshold. Such parsing is best not reserved by courts. 2012-NMSC-029, ¶ 47. Because Defendant did not enter Stamper’s house, he is, depending on what might be proven of his intent, guilty of no more than an attempt to commit either breaking and entering or burglary, along with the other crimes he most certainly committed, involving trespass or vandalism. The Case Law Does Not Follow Valencia and Nible {38} I also conclude that Muqqddin's citation to Valencia and Nible was for, as it stated, no more than pointing out that a structure’s composition relates to an expectation of privacy. Nowhere did Muqqddin attempt to expand that space using these cases, and the remainder of the Supreme Court’s discussion, I believe, favors my view. The Majority places reliance on Valencia, in which the California Supreme Court concluded that, because a window screen is part of the outer boundary of a building, the area behind the window screen is inside the premises, and entry that is just barely inside the premises is sufficient.[9] Valencia has been cited only three times by other states — Colorado, Hawaii, and Nevada — none of which utilize its holding expanding boundaries to outside perimeters. Colorado used Valencia in People v. Gonyea,[10] where the defendant reached through the broken window to open a door. In Hawaii, where no statutory definition of “entry” existed, the Supreme Court vacated a conviction for the lack of its definition in a jury instruction. Valencia was mentioned only in the context of whether a stream of mace an angry father sprayed into a car over the threshold of the car’s window constituted a felonious “entry.”[11] In Nevada, Valencia was mentioned by way of evaluating probable cause for a charge based on circumstantial evidence. Jones v. State, 238 P.3d 827 (Nev. 2008). The older Nible case has been mentioned in other states for other propositions than entry past the outermost perimeter. In Colorado, mentioned above, and Ohio, where the boundary issue was mentioned, there was actual insertion of the defendant’s arm through a window. State v. McIntosh, 549 N.E.2d 1191 (Ohio 1990). Burke, from Massachusetts, is squarely with Valencia. Other cases are not nearly as supportive. {39} Chappell, cited by the Majority, involved the defendant reaching through the screen to raise the window inside. [Op. ¶ 15] Kindred depends on Arizona’s specific statute and found no other authority for the boundary it supported. The Majority, citing two of the cases footnoted in Valencia, is also unavailing. Barrick stated that the defendant rattling doors was no entry, but that he would have been guilty of attempted burglary if Indiana had such a statute. 119 N.E.2d at 553. Gatewood actually held that the defendant’s full entry into an enclosed porch attached to the house and the space between the screen door and the inner door were both a sufficient entry into the dwelling proper. 221 P.2d at 394. {40} Many other states have not expanded boundaries outward. Iowa and Hawaii, mentioned above, declined to undertake a judicial expansion of their statute. Most states seem to depend on crossing a “threshold” to find entry. Charles E. Torcia, Wharton's Criminal Law § 322 (15th ed. 2014) (“There is an entry when any part of the defendant’s person passes the line of the threshold.”). Many states have determined that passing the “line of the threshold” with all or part of the body into the interior perimeter of the structure is entry by the defendant. See State v. Liberty, 280 A.2d 805, 808 (Me. 1971) (requiring “intrusion into the building of any part of the body”); Price v. Commonwealth, 112 S.W. 855, 855 (Ky. Ct. App. 1908) (holding that breaking without entry, however slight, is not burglary); State v. Peterson, 881 P.2d 965, 969 (Utah Ct. App. 1994) (“A simple passage by any part of the body over the door’s threshold can amount to entry[.]”). Intrusion into the building is required in New Jersey, Missouri, Florida, Louisiana, Illinois, Alabama, and North Carolina. See State v. O'Leary, 107 A.2d 13, 15 (N.J. Super. Ct. 1954); State v. Pigques, 310 S.W.2d 942, 945 (Mo. 1958) (“Literally, ‘entry’ is the act of going into the place after a breach has been effected[.]”); Miller v. State, 187 So. 2d 51, 53 (Fla. Dist. Ct. App. 1966); State v. Conner, 2008-0473 (La. App. 4 Cir. 10/1/08); 996 So. 2d 564, 568 (holding that “entry” requires passing the line of the threshold and “intrud[ing], even momentarily, into the structure”); People v. Davis, 279 N.E.2d 179, 181 (Ill. App. Ct. 1972) (requiring “intru[sion] into the building”); State v. McCall, 4 Ala. 643 (Ala. 1843) (holding that reaching through shutters but not the window within was not “entry”); State v. Watkins, 720 S.E.2d 844, 850 (N.C. Ct. App. 2012) (holding that no entry inside residence when only instrument that broke window crossed threshold to be “inside the residence”). CONCLUSION {41} I conclude that Defendant’s actions did not sufficiently “enter” Stamper’s house for purposes of breaking and entering. I believe that his conduct is adequately covered by other statutes and that the cause of justice would not suffer if he were convicted of the proper crime(s). Breaking and entering and attempted residential burglary are fourth-degree felonies; the legislated punishment is the same for both.[12] Attempted breaking and entering together with criminal trespass and criminal damage to the screen would be an adequate combination to accurately punish him. When facts fit snugly within existing statutes, bending another statute to fit stretches the law’s reach past its legislative intent. Muqqddin, 2012-NMSC-029. ¶¶ 50-51. {42} I would prefer that this Court decline to expand the extent of protected spaces. The Majority concludes early on that the language of the statute does little to help us divine legislative intent regarding whether the space between the screen and window is prohibited space. [Op. ¶9]. The Opinion recognizes that our statute does not state that entry into “any part of a structure will suffice.” {Id.] There is no “plain meaning” in our statute to define the space protected from “entry” and that ambiguity requires our exercising the rule of lenity to Defendant’s benefit in this case. Our previous attempts to expand the reach of protected space have been criticized. Granted, California and Massachusetts in Valencia and Burke have held in accord with where this Opinion takes us. Kindred is based upon the Arizona statute already distinguished from ours, but bases the crime on intruding into a boundary, as opposed to a structure, which I would regard as just the position we took in Rodriguez that was rejected by our Supreme Court in Muqqddin. Other out of state cases cited by the Majority are not so illuminating. I would prefer, in light of Muqqddin, to wait for it to come from somewhere else. {43} I therefore most respectfully dissent. RODERICK T. KENNEDY, Judge Reynolds, 1990-NMCA-122, ¶ 37 (noting that any penetration of the interior space, however slight, is sufficient to constitute “entry” within the meaning of the burglary statute); State v. Tixier, 1976-NMCA-054, ¶ 11, 89 N.M. 297, 551 P.2d 987 (holding that evidence that an unidentified instrument penetrated one-half inch inside a building is enough to effectuate an entry under the burglary statute). In subsequent cases in California, even this has been expanded to support a conviction in which a screen was cut from its frame without any further entry. People v. Hedgecock, D065977, 2015 WL 570299, at **2-3 (Cal. Ct. App. 2015) (unreported case). Valencia itself frequently conflated breaking with entering in its review of precedent. Many cases cited in Valencia, as supporting the view that penetration of a screen without entering the window behind it are not particularly apposite, since the defendants in Bowers, Gatewood, Jenkins, and Conners involved actual entry by the defendant of the inside of the structure. Ortega and Woods relied on Texas’s “any portion” statute. Crease was on point, while Mazer inferred intent from cutting a screen, but entry was not mentioned. 195 P.3d 1171, 1174 (Colo. App. 2008). State v. Faria, 60 P.3d 333, 340 (Haw. 2002). Section 30-14-8(B) (stating that breaking and entering is a fourth-degree felony); § 30-16-3(A) (stating that burglary of a dwelling is a third-degree felony); § 30-28-1(C) (attempting to commit a third-degree felony is a fourth-degree felony).