**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2019-NMCA-073**

**Filing Date: September 5, 2019**

**NO. A-1-CA-36450**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**

**ANDREW CHRISTIAN FORD,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa A. Hart, District Judge**

Released for Publication December 17, 2019.

Hector H. Balderas, Attorney General
Santa Fe, NM
Walter Hart, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

OPINION

**MEDINA, Judge.**

**{1}** Defendant challenges the sufficiency of the evidence supporting his convictions for receiving or transferring a stolen vehicle, contrary to NMSA 1978, Section 30-16D-4 (2009), and possession of burglary tools, contrary to NMSA 1978, Section 30-16-5 (1963). We conclude the evidence is sufficient to support Defendant's conviction for

receiving or transferring a stolen vehicle but it is not sufficient to support his conviction for possession of burglary tools. We therefore affirm in part and reverse in part.

## BACKGROUND

**{2}** The testimony at trial was as follows. On February 20, 2015, Cirilo Holguin purchased a dark silver, four-door 1998 Honda Civic. Four days later on February 24, 2015, the Civic was stolen from a parking lot in Albuquerque, New Mexico. Holguin reported the auto theft to the Albuquerque Police Department (APD). Holguin had not yet had time to register the car but did have a temporary thirty-day permit from the dealer attached to the front windshield. Holguin provided APD with a description of his vehicle but was unable to provide the vehicle identification number when he reported the theft.

**{3}** On March 12, 2015, Albuquerque Police Detective Aaron Jones, who was acting undercover at the time, witnessed Defendant driving a vehicle near Carlisle and I-40 in Albuquerque that matched the description of Holguin's stolen Civic. Detective Jones and other officers followed the Civic until it stopped in a parking lot. Detective Jones subsequently detained both Defendant and his passenger.

**{4}** Detective Jones testified that he saw a screwdriver located in the center console of the vehicle and that the ignition had been "punched." Detective Jones explained that a screwdriver could be used to start a vehicle with a punched ignition. Officers did not find keys either in the ignition or at the scene. According to Detective Jones, he did not tag the screwdriver into evidence because the tow truck driver needed it to start and load the vehicle.

**{5}** APD contacted Holguin by mail to inform him that his Civic had been recovered. Holguin drove to a tow lot off Jefferson Street in Albuquerque, where he identified the Civic as his vehicle. Holguin testified that the tires and rims had been replaced with poorer quality tires, the roof had been stained, the backseat was damaged, and the body had been dented. In addition, the temporary dealer permit had been moved from the windshield to the back of the car. Holguin had to use a screwdriver to operate his car because his keys no longer made contact to start the vehicle.

**{6}** This appeal followed.

## DISCUSSION

### Standard of Review

**{7}** "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). We "view the evidence in the light most favorable to the guilty verdict, indulging all

reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We disregard all evidence and inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

**{8}** Despite our deferential approach, our responsibility is to "ensure that the jury's decisions are supportable by evidence in the record, rather than mere guess or conjecture." *State v. Slade*, 2014-NMCA-088, ¶ 14, 331 P.3d 930 (internal quotation marks and citation omitted). Our inquiry requires that we "distinguish between conclusions based on speculation and those based on inferences[.]" *Id.* "A reasonable inference is a conclusion arrived at by a process of reasoning which is a rational and logical deduction from facts admitted or established by the evidence." *Id.* (alterations, internal quotation marks, and citation omitted).

**{9}** When a challenge to the sufficiency of the evidence "requires us to engage in statutory interpretation to determine whether the facts of [a] case, when viewed in the light most favorable to the verdict, are legally sufficient to sustain a conviction," we apply a de novo standard of review. *State v. Barragan*, 2001-NMCA-086, ¶ 24, 131 N.M. 281, 34 P.3d 1157, *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.6, 275 P.3d 110.

## Defendant's Conviction for Receiving or Transferring a Stolen Vehicle Is Supported by Sufficient Evidence

**{10}** Pursuant to *State v. Franklin*, 1967-NMSC-151, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, 103 N.M. 655, Defendant argues the evidence was insufficient to prove that the vehicle he was driving was the car stolen from Holguin. At trial, Detective Jones testified that the stolen vehicle he observed Defendant driving matched the description of the stolen Civic and that the same was towed to Knittles Towing on Jefferson Street. Holguin testified he retrieved his Civic from the Knittles tow yard on Jefferson Street, upon receipt of a card from the police notifying him that his vehicle was located there. Holguin testified that even though the Civic was damaged, it looked like his vehicle and had the same temporary dealer tag. We conclude that the testimony of Detective Jones and Holguin could support the jurors' determination that Defendant was in possession of Holguin's stolen Civic.

## The Evidence Was Insufficient to Support Defendant's Conviction for Possession of Burglary Tools

**{11}** Defendant argues the evidence is insufficient to support his conviction for possession of burglary tools because there was (1) no evidence of a burglary, (2) no evidence that he had access to the screwdriver before he entered the vehicle, and (3) no evidence that he intended to use the screwdriver to make an unauthorized entry. The State argues that, as defined in Section 30-16-5, a "burglary tool" includes but is not limited to a tool used for breaking and entering and therefore the evidence showing Defendant's use of the screwdriver to "possess the vehicle by driving it," was evidence

of his intent to use the screwdriver to commit a burglary. The State dismisses the issue of whether the screwdriver was inside the vehicle before or after entry as "wholly irrelevant."

**{12}** The arguments on appeal require us to interpret and consider the relationship between the burglary and possession of burglary tools statutes. "Our primary goal when interpreting statutory language is to give effect to the intent of the [L]egislature." *State v. Torres*, 2006-NMCA-106, ¶ 8, 140 N.M. 230, 141 P.3d 1284. "We do this by giving effect to the plain meaning of the words of [a] statute, unless this leads to an absurd or unreasonable result." *State v. Marshall*, 2004-NMCA-104, ¶ 7, 136 N.M. 240, 96 P.3d 801.

**{13}** Burglary is defined as "the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein." NMSA 1978, § 30-16-3 (1971). Burglary is "complete upon entry with the requisite intent." *State v. Office of Pub. Def. ex rel. Muqqddin*, 2012-NMSC-029, ¶ 60, 285 P.3d 622. While intent to commit any theft or felony is an element of burglary, entry is the primary concern protected by the burglary statute. *See id.* ¶¶ 41, 60. Burglary is a standalone crime and does not require the requisite intended crime be completed after entry. *See State v. Ramirez*, 2008-NMCA-165, ¶ 6, 145 N.M. 367, 198 P.3d 866.

**{14}** The possession of burglary tools statute states, "Possession of burglary tools consists of having in the person's possession a device or instrumentality designed or commonly used for the commission of burglary and under circumstances evincing an intent to use the same in the commission of burglary." Section 30-16-5. The statute explicitly requires possession of tools "designed or commonly used for the commission of *burglary* and under circumstances evincing an intent to use the same in the commission of *burglary*." *Id.* (emphasis added). The Legislature's specific use of the term *burglary* indicates that the tools must be used, or intended to be used, in the commission of a burglary. Because *burglary* is completed upon entry, it is at the moment of entry or prior to the entry that the use or intended use of burglary tools matters. It therefore follows that burglary tools must be used, or intended to be used, to facilitate entry.

**{15}** Consistent with the statute and UJI 14-1633 NMRA, the jury was instructed that in order to convict Defendant of possession of burglary tools, it had to find, beyond a reasonable doubt, each of the following elements of the crime: (1) Defendant had in his possession a screwdriver which is designed or commonly used in the commission of a burglary; (2) Defendant intended that such tool or device be used for the purpose of committing a burglary; and (3) that this happened in New Mexico on or about March 12, 2015. The second element specifically required the State prove that Defendant possessed the screwdriver with intent to use it in the commission of a burglary.[1] *See State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883 ("Jury instructions

---

[1] The State is correct that the December 31, 2017, amendment to UJI 14-1633 was not applicable at the time of trial in this case.

become the law of the case against which the sufficiency of the evidence is to be measured.").

**{16}** The State directs us to *State v. Hernandez*, in which we affirmed the defendant's conviction for possession of burglary tools despite the fact that the tools were not used to gain access to the vehicle but instead as a means of starting the car. 1993-NMCA-132, ¶ 2, 116 N.M. 562, 865 P.2d 1206. *Hernandez* is factually distinguishable. In that case, the defendant purchased a screwdriver at a nearby store, opened an unlocked door to a vehicle that did not belong to him, and tried to start the car by inserting the screwdriver into the ignition. *Id.* ¶ 2. On appeal, the defendant argued that there was not sufficient evidence to support his convictions for possession of burglary tools because "an intent to steal the car is not an intent to commit a theft 'therein.' " *Id.* ¶ 6. In other words, according to the defendant, the burglary statute required proof of intent to steal or otherwise do wrong within the car, not proof of an intent to steal the car itself. *Id.*

**{17}** We rejected the defendant's argument, concluding that theft of a car can be accomplished from within the vehicle, reasoning that the term "therein" in the burglary statute indicated that the crime exists if the defendant formed an intent to commit a crime "in that place" including an intent to commit car theft. *Id.* ¶ 7 (internal quotation marks and citation omitted). The fact that the door was unlocked—and the defendant did not have to use the screwdriver to gain entry—did not negate the evidence that the defendant purchased the screwdriver with intent to use it to commit the burglary. It was the defendant's intent to use the screwdriver—prior to entry—that supported his conviction for possession of burglary tools. *See State v. Jennings*, 1984-NMCA-051, ¶ 14, 102 N.M. 89, 691 P.2d 882 (stating that the intent to use, rather than actual use, will support conviction).

**{18}** Unlike the facts in *Hernandez*, where the defendant had a screwdriver in his possession before he entered the vehicle, there is no evidence here that Defendant possessed the screwdriver before he entered Holguin's Civic. Detective Jones testified that he witnessed Defendant driving the Civic and that he later saw a screwdriver in the center console. While this evidence is sufficient to prove that at some point Defendant entered the Civic and may have possessed the screwdriver after entry, it does not establish that he possessed the screwdriver while entering the vehicle. Indeed, the State concedes that "no evidence was submitted that Defendant used or intended to use the screwdriver to obtain unauthorized entry to the vehicle, and that it would be speculation to so conclude from Defendant's possession of the screwdriver." Because there was no evidence that Defendant had the screwdriver before he entered the vehicle or that he had any intent to use the screwdriver to make the unauthorized entry into the vehicle, there is insufficient evidence to support Defendant's conviction for possession of burglary tools.

**CONCLUSION**

**{19}** Based on the forgoing, we affirm Defendant's conviction for receiving or transferring a stolen vehicle, and reverse his conviction for possession of burglary tools.

**{20}** IT IS SO ORDERED.

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**BRIANA H. ZAMORA, Judge**