This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37431**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**MICHAEL ROMINE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cindy Leos, District Judge**

Hector H. Balderas, Attorney General
Maha Khoury, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** Following a jury trial, Defendant Michael Romine was convicted of a single count of commercial burglary. On appeal, Defendant challenges the sufficiency of the evidence supporting his conviction. We affirm.

**BACKGROUND**

**{2}**     Albuquerque Public Schools (APS) Officer Lorraine Lopez-Sadler was dispatched to the APS Montgomery Complex (the Complex) shortly after midnight in response to a silent alarm. The Complex had approximately twelve portable buildings on the property. When a silent alarm was triggered at the Complex, Officer Lopez-Sadler was unable to tell from which portable the alarm originated. Officer Lopez-Sadler arrived at the Complex approximately twelve minutes after the alarm was triggered. She checked the portable buildings and found one that was visibly unsecured. She saw scratches near the inside latch of the door. Officer Lopez-Sadler entered the portable and discovered it contained rows of shelves full of items in storage. She found Defendant in a corner of the portable.

**{3}**     Defendant was wearing a black wig and a face-covering with holes cut out for visibility. He had a black bag over his shoulder and was holding a screwdriver. Defendant told Officer Lopez-Sadler he was looking for a place to sleep and was going to sell the bag to get money for that purpose. Another screwdriver was discovered next to where Defendant was found, as were two flashlights. A headlamp was also recovered from the scene. Officer Lopez-Sadler handcuffed Defendant as she waited for backup officers to arrive. Defendant was transported to APS Headquarters for questioning by APS Detective Robert Griego. An image projector was found in the bag Defendant was carrying on his shoulder. Detective Griego returned the projector to an APS employee.

**{4}**     Defendant was indicted for one count each of the following: commercial burglary, contrary to NMSA 1978, Section 30-16-3(B) (1971); possession of burglary tools, contrary to NMSA 1978, Section 30-16-5 (1963); and larceny, contrary to NMSA 1978, Section 30-16-1 (2006). After the presentation of the State's evidence, Defendant moved for a directed verdict on all three counts. The district court granted Defendant's motion in regard to the larceny charge because of the State's failure to establish ownership by another but allowed the remaining counts to proceed to the jury. The jury acquitted Defendant of possession of burglary tools and convicted him of commercial burglary. Defendant filed a motion to reconsider the denial of his motion for directed verdict as to commercial burglary, which the district court denied. This appeal followed.

## DISCUSSION

### I.     Substantial Evidence Supports Defendant's Conviction

**{5}**     To sustain a conviction for commercial burglary, the State was required to prove, in relevant part, that: (1) Defendant entered a structure without authorization; and (2) Defendant entered the structure with the intent to commit a theft when inside.[1] *See* UJI 14-1630. Defendant argues that the State failed to present evidence that his entry into the portable building was unauthorized. Defendant also argues that the bulk of the evidence presented regarding his intent was impermissibly speculative. We address each argument in turn.

---

[1] While the jury was instructed that it must find Defendant had the "intent to commit any *felony* or a theft when inside[,]" UJI 14-1630 NMRA, the State only advanced the theory that Defendant intended to commit a theft, and Defendant only challenges the sufficiency of the evidence as to this theory. We limit our discussion accordingly.

## A.     Standard of Review

**{6}**     "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "[W]e resolve all disputed facts in favor of the [s]tate, indulge all reasonable inferences in support of the verdict, and disregard all evidence and inferences to the contrary." *Id.* "The question before us as a reviewing Court is not whether we would have had a reasonable doubt but whether it would have been impermissibly unreasonable for a jury to have concluded otherwise." *State v. Rudolfo*, 2008-NMSC-036, ¶ 29, 144 N.M. 305, 187 P.3d 170.

## B.     Unauthorized Entry

**{7}**     Defendant argues the State presented insufficient evidence to demonstrate that his entry into the storage portable was unauthorized. Specifically, Defendant asserts that no testimony was offered regarding signage in the Complex warning against trespass. Further, Defendant argues that because the triggered alarm was silent, he was not alerted that his presence was unwelcome. Finally, Defendant argues that evidence of scratch marks on the portable door was inconsistent with forced entry.

**{8}**     Unauthorized entries are those with the potential to disturb the owner's privacy interests and rights to possess and exclude. *State v. Mestas*, 2016-NMCA-047, ¶ 13, 370 P.3d 805. "[T]he right to exclude others is the possessory interest with which burglary is primarily concerned." *State v. Office of the Pub. Def. ex rel. Muqqddin*, 2012-NMSC-029, ¶ 41, 285 P.3d 622. In determining if Defendant's conduct was an unauthorized entry, "we ask whether the entry described by the evidence at trial is the type of entry the Legislature intended Section 30-16-3 to deter." *Mestas*, 2016-NMCA-047, ¶ 13 (internal quotation marks and citation omitted). "[Unauthorized] entry is the primary concern protected by the burglary statute." *State v. Ford*, 2019-NMCA-073, ¶ 13, 453 P.3d 471.

**{9}**     We are not persuaded that Defendant was without notice that his entry was unauthorized. Notice that a space is off limits to the public is embodied in the very enclosure of the space. *See Muqqddin*, 2012-NMSC-029, ¶ 45 ("Enclosure puts the public on notice."). To ascertain if an enclosure gives proper notice that it is prohibited space, we ask "whether the nature of a structure's composition is such that a reasonable person would expect some protection from unauthorized intrusions." *Id.* (internal quotation marks and citation omitted). A portable building used for storage on APS property certainly fits this description.

**{10}**     Likewise, Defendant's argument that the evidence did not establish forced entry is without merit, because "damage to property is not necessary to commit burglary." *Id.*

¶ 39; *see State v. Ortiz*, 1978-NMCA-074, ¶ 13, 92 N.M. 166, 584 P.2d 1306 (noting that "breaking" is not required to commit burglary). Nevertheless, evidence of damage to the portable door could reasonably have guided the jury in finding that Defendant's entry was unauthorized. Officer Lopez-Sadler testified that when she arrived at the portable where Defendant was found, the door was unsecured. She stated that the lock appeared damaged and that there were scratches near the inside latch of the door. While she noted that the scratches may have existed prior to that evening, the jury was also provided with photos of the door to review. It was the function of the jury to assess the significance of the photos alongside Officer Lopez-Sadler's testimony. *See State v. McGhee*, 1985-NMSC-047, ¶ 17, 103 N.M. 100, 703 P.2d 877 ("[T]he weight and effect of the evidence . . . is a matter reserved for determination by the trier of fact."). Taken together, substantial evidence supports the jury's finding that Defendant's entry was unauthorized.

## C.      Intent to Commit a Theft

**{11}**    Defendant argues that the bulk of the evidence presented by the State in support of the intent element was impermissibly speculative. At the same time, Defendant also notes that our precedent establishes that a finding of "[a]n unauthorized presence in a structure is evidence from which a jury could reasonably infer the necessary intent to commit a felony or theft therein." *State v. Jennings*, 1984-NMCA-051, ¶ 14, 102 N.M. 89, 691 P.2d 882; *see State v. Castro*, 1979-NMCA-023, ¶ 19, 92 N.M. 585, 592 P.2d 185 ("The burglarious intent can be reasonably and justifiably inferred from the unauthorized entry alone."), *overruled on other grounds by Sells v. State*, 1982-NMSC-125, ¶¶ 7-10, 98 N.M. 786, 653 P.2d 162. While somewhat unclear, Defendant appears to challenge the constitutionality of this principle. However, as illustrated below, because we hold that there was substantial evidence apart from Defendant's unauthorized presence, and because Defendant's argument is undeveloped, we do not reach this claim. *See State v. Duttle*, 2017-NMCA-001, ¶ 15, 387 P.3d 885 ("For this Court to rule on an inadequately briefed constitutional issue would essentially require it to do the work on behalf of [the d]efendant."); *see also State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031 (explaining that appellate courts do not review unclear or undeveloped arguments).

**{12}**    "Intent is rarely provable by direct evidence. If there are reasonable inferences and sufficient direct or circumstantial facts, then the issue of intent is determinable by the jury and will not be reweighed by the reviewing court." *Jennings*, 1984-NMCA-051, ¶ 14. "An inference is merely a logical deduction from facts and evidence." *State v. Romero*, 1968-NMCA-078, ¶ 17, 79 N.M. 522, 445 P.2d 587 (internal quotation marks and citation omitted). The intent of a defendant is an inquiry for the jury because it is a question of fact. *State v. Wasson*, 1998-NMCA-087, ¶ 12, 125 N.M. 656, 964 P.2d 820.

**{13}**    We are not persuaded that the jury premised its verdict regarding Defendant's intent on impermissible speculation. Defendant concedes that his wig, face-covering, and location in the corner of a storage portable after a silent alarm was triggered are pieces of evidence from which the jury could have inferred his intent. In support of his

argument that the remaining evidence was impermissibly speculative, Defendant first notes that the jury acquitted him of possession of burglary tools, and that no testimony established a correlation between the alleged burglary tools and the scratches on the portable door. While this may be true, it is inapposite to our analysis, because "possession of burglary tools is not necessarily involved in burglary. . . . One can make . . . an unauthorized entry with the necessary intent with or without burglary tools." *State v. Everitt*, 1969-NMCA-010, ¶ 29, 80 N.M.41, 450 P.2d 927.

**{14}** Defendant further notes that the district court found insufficient evidence to support the charge of larceny because ownership of the projector found in Defendant's bag was not established. This likewise does nothing to advance Defendant's claim. Whether the State was able to prove a theft occurred is irrelevant, as "[b]urglary is a standalone crime and does not require the requisite intended crime be completed after entry." *Ford*, 2019-NMCA-073, ¶ 13; *see Muqqddin*, 2012-NMSC-029, ¶ 39 ("Larceny . . . is not necessary to commit burglary."); *Jennings*, 1984-NMCA-051, ¶ 14 ("Proof of actual theft is unnecessary to support a burglary conviction.").

**{15}** Officer Lopez-Sadler testified that when she found Defendant, he had a screwdriver in his hand and a black bag over his shoulder. She stated that he was in the immediate vicinity of another screwdriver and two flashlights. A headlamp was also recovered from the scene. Her testimony established that the portable where Defendant was found was used primarily to store goods, and Defendant told her that he planned to sell the bag in his possession.

**{16}** The facts and circumstances surrounding Defendant's disguised presence in the corner of a storage portable on APS property after midnight allowed the jury to reasonably infer that Defendant intended to commit a theft, because "there [was] a likely correlation between those facts and the conclusion." *State v. Maes*, 2007-NMCA-089, ¶ 18, 142 N.M. 276, 164 P.3d 975 (internal quotation marks and citation omitted). Here, we cannot say that "a different conclusion is more closely correlated with the facts than the [jury's] chosen conclusion," such that the inference is not reasonable. *Id.* (internal quotation marks and citation omitted).

**CONCLUSION**

**{17}** For the foregoing reasons, we affirm Defendant's conviction.

**{18}** **IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**