This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39449**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JOHNATHAN PARRISH,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Donna J. Mowrer, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}** Defendant Johnathan Parrish appeals his conviction for possession of a controlled substance (methamphetamine), contrary to NMSA 1978, Section 30-31-23(A) (2019, amended 2021).[1] On appeal, Defendant contends (1) he was entitled to an instruction for possession of drug paraphernalia as a lesser included offense for the

---

[1]Because Defendant was charged under the 2019 version of the statute, references in this opinion to Section 30-31-23 refer to the 2019 version unless stated otherwise. *See State v. Lucero*, 2007-NMSC-041, ¶ 14, 142 N.M. 102, 163 P.3d 489 ("We have held that the law, at the time of the commission of the offense, is controlling." (internal quotation marks and citation omitted)).

crime of possession of a controlled substance, and (2) the evidence is insufficient to support his controlled substance conviction. We affirm.

## BACKGROUND

**{2}** In July 2019, Roosevelt County Sheriff Deputy Boan saw Defendant leave his father's home and get into his car. Aware that Defendant had an outstanding warrant for his arrest and was driving on a suspended license, Deputy Boan activated his emergency lights and sirens in order to stop Defendant. Defendant did not stop and instead drove about a mile away to a trailer park. Once there, Defendant parked, got out of the vehicle, looked at Deputy Boan, and fled on foot. Deputy Boan chased and caught Defendant. Deputy Boan then placed Defendant under arrest.

**{3}** During a search incident to arrest, Sherriff Deputy Williamson, who had since arrived at the scene, found a glass pipe commonly used for controlled substances, multiple lighters, and a pocket knife. Residue in the pipe field tested positive for methamphetamine. Although the pipe contained a "powdery, tiny, tiny crystal" residue, there was no solid or liquid substance in the pipe. A New Mexico Department of Public Safety forensic scientist also tested the residue. The amount of residue could not be weighed, but it tested positive for methamphetamine. A criminal information charged Defendant with resisting evading or obstructing an officer, contrary to NMSA 1978, Section 30-22-1(B) (1981); driving while license suspended, contrary to NMSA 1978, Section 66-5-39(A) (2013, amended 2019); possession of a controlled substance (methamphetamine), contrary to Section 30-31-23(A); and possession of drug paraphernalia, contrary to NMSA 1978, Section 30-31-25.1(A) (2019).

**{4}** The district court addressed the charge for possession of drug paraphernalia and stated that possession of drug paraphernalia is no longer a criminal offense but a civil penalty. The district court notified Defendant that he may either admit or deny the civil penalty, and that if he denied it, there would be a separate bench trial after completion of the jury trial. Defendant pleaded guilty to possession of drug paraphernalia, and the district court entered a judgment on penalty assessment.

**{5}** After the close of evidence, and although he had already entered a plea to possession of drug paraphernalia, Defendant requested the district court instruct the jury on possession of drug paraphernalia as a lesser included offense of possession of a controlled substance. The district court denied the request, stating that "the court has reviewed the statutes and some case law" and possession of drug paraphernalia was no longer a crime, and that a lesser included offense instruction must be for a lesser included criminal offense.

**{6}** The jury convicted Defendant of resisting, evading, or obstructing an officer; driving while on a suspended license; and possession of a controlled substance. This appeal followed.

## DISCUSSION

## I.    Jury Instruction

**{7}**    Defendant challenges the district court's denial of his requested lesser included offense instruction. Defendant argues that possession of drug paraphernalia is a lesser included offense of possession of a controlled substance under *State v. Darkis*, 2000-NMCA-085, ¶¶ 12, 21, 129 N.M. 547, 10 P.3d 871, and therefore Defendant was entitled to the instruction. In support thereof, Defendant contends that other penalty assessment misdemeanors are submitted to the jury for consideration and that current Uniform Jury Instructions (UJI) require a jury consider possession of drug paraphernalia when deliberating. The State responds that (1) no instruction should be given because possession of drug paraphernalia is no longer a crime; (2) there is no case law supporting giving a lesser included offense instruction for a civil penalty; (3) possession of drug paraphernalia is a "penalty assessment," not a "penalty assessment misdemeanor"; and (4) a UJI does not override the Legislature in decriminalizing possession of drug paraphernalia.

**{8}**    "The propriety of jury instructions given or denied is a mixed question of law and fact. Mixed questions of law and fact are reviewed de novo." *State v. Lucero*, 2010-NMSC-011, ¶ 11, 147 N.M. 747, 228 P.3d 1167 (internal quotation marks and citation omitted). To "obtain an instruction on a lesser included offense, there must be some view of the evidence pursuant to which the lesser offense is the highest degree of crime committed, and that view must be reasonable." *State v. Skippings*, 2011-NMSC-021, ¶ 10, 150 N.M. 216, 258 P.3d 1008 (alteration, internal quotation marks, and citation omitted).

**{9}**    In 2019, our Legislature decriminalized possession of drug paraphernalia from a misdemeanor to a penalty assessment. *Compare* § 30-31-25.1(C) (2001) (stating that "[a] person who violates this section with respect to Subsection A of this section is guilty of a misdemeanor"), *with* § 30-31-25.1(C) (2019) (stating that "[a] person who violates the provisions of Subsection A of this section shall be issued a penalty assessment"). Our Legislature was clear that a penalty assessment is not a crime in New Mexico. NMSA 1978, § 30-1-4 (1963) (defining "crime" as "an act or omission forbidden by law and for which, upon conviction, a sentence of either death, imprisonment or a fine is authorized"); NMSA 1978, § 30-1-5 (1963) (classifying crimes further as "felonies, misdemeanors and petty misdemeanors"); NMSA 1978, § 31-19A-1(A) (2019) ("Payment of a fine pursuant to a penalty assessment citation shall not be considered a criminal conviction."). The amended Section 30-31-25.1 addresses two acts: the possession of drug paraphernalia with intent to use it, *see* § 30-31-25.1(A), and possession of drug paraphernalia with intent to deliver it or possession of drug paraphernalia with intent to manufacture it. *See* § 30-31-25.1(B). Section 30-31-25.1(C) explicitly makes a violation of Section 30-31-25.1(B) a misdemeanor, distinguishing it from a violation of Section 30-31-25.1(A), which states only that violators "shall be issued a penalty assessment." While we agree that a defendant is entitled to a lesser included offense instruction when "the lesser offense is the *highest degree of crime* committed," *Skippings*, 2011-NMSC-021, ¶ 10 (emphasis added), because possession

of drug paraphernalia is a penalty assessment and not a crime, Defendant was not entitled to a lesser included offense instruction on that charge.

{10}    To the extent Defendant analogizes his case to *Darkis*, where we reversed the defendant's conviction of possession of a controlled substance because of the district court's failure to give a lesser included offense instruction of possession of drug paraphernalia, 2000-NMCA-085, ¶¶ 12, 21, we find Defendant's reliance on *Darkis* unavailing. At the time we issued an opinion in *Darkis*, possession of drug paraphernalia was a criminal offense. But now, possession of drug paraphernalia is no longer a crime. Section 30-31-25.1(A), (C); § 31-19A-1(A).

{11}    Similarly, we are not convinced by Defendant's attempt to equate a "penalty assessment" with a "penalty assessment misdemeanor," where a jury may hear the misdemeanor case when it is tried together with a greater charge. Although Defendant is correct that "penalty assessment misdemeanors" may be submitted to juries for deliberation if a defendant is otherwise entitled to a jury trial, possession of drug paraphernalia is not a misdemeanor. Section 30-31-25.1(C). Unlike a penalty assessment misdemeanor, a penalty assessment is not a crime and therefore should not be submitted to the jury. *See* § 31-19A-1(A); *see also* Rule 5-608(A) NMRA ("The court must instruct the jury upon all questions of law essential for a conviction of *any crime* submitted to the jury." (emphasis added)).

{12}    Finally, we agree with the State that a UJI for possession of drug paraphernalia that existed before the Legislature decriminalized possession with intent to use drug paraphernalia does not require a trial court, post-decriminalization, to give the instruction when requested. "The [L]egislature is the proper branch of government to determine what behavior should be proscribed under its police power and thus to define criminal behavior and provide for its punishment." *Santillanes v. State*, 1993-NMSC-012, ¶ 41, 115 N.M. 215, 849 P.2d 358. A preexisting UJI does not override the Legislature's power in decriminalizing possession of drug paraphernalia and taking it outside of the scope of a jury's deliberation.

{13}    Therefore, we affirm the district court's denial of Defendant's requested lesser included offense instruction of possession of drug paraphernalia for the possession of a controlled substance charge.

## II.    Sufficiency of the Evidence

{14}    Defendant also challenges the sufficiency of the evidence supporting Defendant's conviction for possession of a controlled substance. Defendant asks this Court to overrule previous case law from *State v. Wood*, 1994-NMCA-060, 117 N.M. 682, 875 P.2d 1113, and *State v. Grijalva*, 1973-NMCA-061, 85 N.M. 127, 509 P.2d 894, establishing that any amount of a controlled substance is sufficient under Section 30-31-23(A), based upon the language of the statute and the factors for overruling precedent illustrated in *State v. Swick*, 2012-NMSC-018, ¶ 17, 279 P.3d 747. Defendant contends that policy has changed and the law has developed away from our previous

case law. In response, the State argues Defendant is asking this Court to rewrite the language of Section 30-31-23(A), and recent cases affirm the holdings of *Wood* and *Grijalva*.

**{15}** "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Ford*, 2019-NMCA-073, ¶ 7, 453 P.3d 471 (internal quotation marks and citation omitted). But here Defendant challenges the sufficiency of the evidence based upon our construction of Section 30-31-23. Issues of statutory interpretation are issues of law that we review de novo. *State v. Holt*, 2016-NMSC-011, ¶ 9, 368 P.3d 409.

**{16}** Section 30-31-23(A) states "[i]t is unlawful for a person intentionally to possess a controlled substance unless the substance was obtained pursuant to a valid prescription[.]" Defendant acknowledges that a residue or minimal amount is sufficient to establish possession of a controlled substance under our well-established and longstanding authority. *See Wood*, 1994-NMCA-060, ¶ 9 ("Section 30-31-23 is unambiguous; a plain reading of the provision indicates that any clearly identifiable amount of a controlled substance is sufficient evidence to support a conviction for possession of a controlled substance."); *Grijalva*, 1973-NMCA-061, ¶ 17 (holding under a prior law that "the mere possession of any amount of the prohibited substance is enough to violate the statutory proscription" for possession of a controlled substance).

**{17}** Defendant argues that New Mexico's policy has changed and the law has developed away from *Wood* and *Grijalva* now that New Mexico has decriminalized possession of drug paraphernalia. Therefore, Defendant argues that more than a "trace amount" of a controlled substance should be required to violate the statute. We disagree. We have recently addressed and declined to adopt Defendant's arguments. *See State v. Gutierrez*, No. A-1-CA-39169, mem. op. ¶ 4 (N.M. Ct. App. May, 19, 2021) (non-precedential); *State v. Serna*, No. A-1-CA-34926, mem. op. ¶¶ 10-16 (N.M. Ct. App. May, 28, 2019) (non-precedential). Defendant asks us to add a minimum amount requirement to the statute, but "[w]e will not read into a statute any words that are not there, particularly when the statute is complete and makes sense as written." *State v. Trujillo*, 2009-NMSC-012, ¶ 11, 146 N.M. 14, 206 P.3d 125. We are not persuaded that the facts of this case require a departure from precedent. *See State v. Gonzales*, 1990-NMCA-040, ¶ 30, 110 N.M. 218, 794 P.2d 361 ("Until we are faced with a case in which there is a reason to depart from precedent, we will continue to apply it."). We, therefore, decline to overrule *Wood* and *Grijalva.*

**{18}** Under *Wood*, there is sufficient evidence to find Defendant possessed a controlled substance. *See* 1994-NMCA-060, ¶ 9. The pipe was found in Defendant's pocket when searched incident to arrest. Deputy Boan testified that the pipe contained a "powdery, tiny, tiny crystal" residue. Although the residue was not weighable, there was sufficient residue to test three separate times; the field test, the presumptive test, and the confirmation test. The residue tested positive for methamphetamine during each

test. We therefore hold that there was sufficient evidence to find Defendant guilty of possession of a controlled substance. *See Ford*, 2019-NMCA-073, ¶ 7.

**CONCLUSION**

**{19}** For the reasons stated above, we affirm the district court's denial of Defendant's lesser included offense jury instruction and affirm Defendant's conviction for possession of a controlled substance.

**{20}** **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**KATHERINE A. WRAY, Judge**