This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41320**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JASON J., JR.,**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Michael H. Stone, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Van Snow, Acting Deputy Solicitor General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Joelle N. Gonzales, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Child-Appellant Jason J. (Child), appeals the children's court judgment in which Child was adjudged as a delinquent child based on the jury's finding that Child committed battery upon a school employee, contrary to NMSA 1978, Section 30-3-9(E) (1989). This case arose from an incident during a high school assembly at which Child, as a student, was accused of spitting in the face of a teacher, Cheyenne Chavarria. Child's sole argument on appeal is that his adjudication is not supported by sufficient

evidence because the State failed to prove that Child knew Ms. Chavarria was a teacher at the time of the incident. For the reasons that follow, we affirm.

**DISCUSSION**

**{2}** "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). The reviewing court "view[s] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "We disregard all evidence and inferences that support a different result." *State v. Telles*, 2019-NMCA-039, ¶ 16, 446 P.3d 1194. "We do not reweigh the evidence or substitute our judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Gipson*, 2009-NMCA-053, ¶ 4, 146 N.M. 202, 207 P.3d 1179.

**{3}** "The jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 (text only) (citation omitted). Here, the jury was instructed, in accordance with UJI 14-365 NMRA (2014), that in order to find that Child committed battery upon a school employee, the State had to prove, in pertinent part, the following elements:

1.      [Child] intentionally touched or applied force to Cheyenne Chavarria by spitting on her;

2.      At the time, Cheyenne Chavarria was a school employee and was performing the duties of a school employee;

3.      [Child] knew Cheyenne Chavarria was a school employee;

4.      [Child] acted in a rude, insolent or angry manner[.]

Under Section 30-3-9(E),

[b]attery upon a school employee is the unlawful, intentional touching or application of force to the person of a school employee while he[ or she] is in the lawful discharge of his[ or her] duties, when done in a rude, insolent or angry manner. Whoever commits battery upon a school employee is guilty of a fourth degree felony.

Child contends that the State failed to prove that Child knew Ms. Chavarria was a teacher at the time of the incident at the assembly, and thus his conviction is not supported by sufficient evidence. Child draws our attention to testimony in which he stated that he was unaware that Ms. Chavarria was a teacher. In one such segment of

testimony, Child stated that he thought Ms. Chavarria was a fellow high school student, and in another Child stated that he thought she was a "college student" visiting to "get a feel of what it is to be a teacher."

**{4}**     In contrast, however, Child also provided testimony indicating that, on the day of the incident at issue, he knew Ms. Chavarria was a teacher. While recounting the incident, Child stated that he "was out of manner and should have acted like a student and listened to the teachers like [he] was supposed to." In another segment of his testimony, Child discussed having taken a picture of "the teachers," one of whom was Ms. Chavarria. Moreover, aside from testimony, the State entered an exhibit depicting social media messages sent by Child to a friend soon after the incident in which Child wrote, in relevant part, "remember at the assembly how that teacher told me come here" and "then the teacher yell[ed],"—referring to his interactions with Ms. Chavarria.

**{5}**     Here, the testimony presented could allow a jury to reasonably infer both that Child knew or did not know that Ms. Chavarria was a teacher. "When a [child-appellant] argues that the evidence and inferences present two equally reasonable hypotheses, one consistent with guilt and another consistent with innocence, our answer is that by its verdict, the jury has necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence." *State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393. "Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [a d]efendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "We will not invade the jury's province as fact-finder by second-guessing the jury's decision concerning the credibility of witnesses, reweighing the evidence, or substituting our judgment for that of the jury." *State v. Cabezuela*, 2015-NMSC-016, ¶ 23, 350 P.3d 1145 (text only) (citation omitted); s*ee also State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine what weight to give testimony and to assess credibility).

**{6}**     Child contends that the jury's finding as to his knowledge that Ms. Chavarria was a teacher was premised on conjecture, and thus cannot constitute sufficient evidence. We disagree with this contention. While "our responsibility is to ensure that the jury's decisions are supportable by evidence in the record, rather than mere guess or conjecture[, o]ur inquiry requires that we distinguish between conclusions based on speculation and those based on inferences." *State v. Ford*, 2019-NMCA-073, ¶ 8, 453 P.3d 471 (text only) (citations omitted). "A reasonable inference is a conclusion arrived at by a process of reasoning which is a rational and logical deduction from facts admitted or established by the evidence." *Id.* (internal quotation marks and citation omitted). Here, we cannot say that it was conjecture for a jury to find that Child knew that Ms. Chavarria was a teacher when the evidence includes social media messages, sent soon after the incident, in which Child referred to Ms. Chavarria as "the teacher." We conclude that the jury could make a rational and logical deduction from such evidence, along with other relevant testimony, that Child knew Ms. Chavarria was a teacher. Viewing the evidence in the light most favorable to the verdict and indulging all inferences in favor of conviction, we conclude that the evidence presented was

sufficient to permit a rational juror to find that (1) Child knew Ms. Chavarria was a teacher at the time of the underlying incident and (2) Child committed battery upon a school employee.

**CONCLUSION**

**{7}**     For the above reasons, we affirm.

**{8}     IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, JUDGE**

**ZACHARY A. IVES, JUDGE**